Argued May 26, reversed July 15, 1971

BEISTEL, *Respondent, v.* PUBLIC EMPLOYE
RELATIONS BOARD ET AL, *Appellants.*

486 P2d 1305

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*John S. Irvin*, Staff Attorney, Oregon State Employes Association, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT* and THORNTON, Judges.

THORNTON, J.

Petitioner Alan Beistel, a permanent civil service employe at the University of Oregon's power plant, was dismissed from his job as an equipment operator for alleged insubordination. After dismissal he appealed to the Public Employe Relations Board, which body sustained the dismissal. He then sought judicial

---

* Fort, J., did not participate in this decision.

review by the circuit court. The court ruled that the dismissal procedure was technically improper, reversed and set aside the order of the Board and ordered Beistel restored to his employment with back pay. The Board and the University appeal from the order of the trial court.

The principal issue on appeal is whether, under ORS 240.555, the appointing authority may delegate to a subordinate official of the department or agency authority to remove a classified employe.

The State Civil Service Law (now called the State Merit System Law), ORS 240.005 to 240.990, is the basic statute involved. ORS 240.555① provides that dismissal of classified employes shall be by "the appointing authority."

ORS 240.015 (1) defines "appointing authority" as "* * * an officer or agency having power to make appointments to positions in the state service."

At the time of petitioner's dismissal Rule 13-400 of the Rules of the Civil Service Commission (now Personnel Department) provided:

> "*Division Personnel Representative* An appointing authority may designate a staff employee to serve as division personnel representative. The

---

① On the date of petitioner's dismissal ORS 240.555 read as follows:

"(1) The commission, by rule, shall establish a procedure in accordance with this chapter whereby the appointing authority in any division may suspend, reduce, demote or dismiss such employe for misconduct, inefficiency, incompetence, insubordination, indolence, malfeasance or other unfitness to render effective service, and for the investigation and public hearing of appeals of such suspended, reduced, demoted or dismissed employe.

"(2) The appointing authority for disciplinary purposes may suspend without pay a regular employe for a period not exceeding 30 days in any 12 months."

employee should either be fully experienced in and conversant with the operation of the department or be a trained personnel specialist. Written notice of such designation shall be sent to the Civil Service director. Thereafter any communication with or from the division personnel representative will be deemed communication with or from the appointing authority."

ORS 351.070 (1)(a) provides that the State Board of Higher Education is the appointing authority of all officers and employes in the Department of Higher Education.

ORS 352.020 states that the president of the University has "authority to control and give general directions to the practical affairs of the school," subject to the supervision of the Board.

The record of the hearing before the defendant Public Employe Relations Board shows that prior to the dismissal involved herein the University had designated a staff employe to serve as its personnel representative with the title of "Personnel Director," and so notified the Civil Service Commission (now Personnel Department); that subsequently the president by memorandum designated the University's personnel director as "the Appointing Authority for the University of Oregon in Civil Service matters, and to act for the President in all matters concerning Civil Service classified employes." The president's directive to the personnel director also included the following: "You are further authorized to delegate authority, as required or desired, to members of your staff."

Alfred W. Davis, power plant foreman and immediate superior of petitioner, testified that he had directed petitioner to perform certain work, which he refused to do. Petitioner left prior to the end of his

regular shift. The evidence was that following the dispute between Beistel and Davis, Davis contacted the assistant personnel director for instructions. Thereafter the personnel director caused a notice to be sent to petitioner notifying him of his suspension and dismissal from employment on the grounds of misconduct and insubordination. The notice was signed by J. L. Hinshaw, Director of the Physical Plant Department. This was followed by two "Personnel Action" orders issued, mailed and filed by the personnel director.

Petitioner urges that

"* * * Oregon statutes do not authorize delegation to an agency personnel officer of the power to suspend or dismiss a state employe * * *,"

and that

"Even if the power to suspend and dismiss University of Oregon employes was properly delegated in this case to the university's personnel director, the suspension and dismissal of Respondent was invalid because such action was not taken by the personnel director or anyone else who had the power to take action."

Petitioner's argument proves too much. The record indicates that petitioner's original appointment to his civil service position in 1966 was accomplished by a standard "Personnel Action" form signed by the University's personnel director. If petitioner's dismissal was contrary to law, *a fortiori* so was his original appointment signed by the same official.

We think the evidence shows that the dismissal action in this case was taken by the University's personnel director, and that under a proper interpretation of the above statutes and the regulations of the Civil Service Commission promulgated thereunder, the

president of the University was authorized to designate the personnel director as "the Appointing Authority for the University of Oregon in Civil Service matters and to act for the President in all matters concerning Civil Service of classified employes."

■ ■ Under ORS 41.410(3) we take judicial notice that Civil Service Commission Rule 13-400, supra, was first promulgated in February 1956 as Rule V, § 4, repromulgated in November 1959, and was still in effect at the date of the dismissal herein, without any legislative indication of disapproval during the ensuing 13-year period. If a statute is not clear on its face, contemporaneous administrative construction, including interpretative regulations by the public agency charged with its administration, without legislative disapproval, is usually accorded great weight by the courts in determining its operation. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957); *City of Portland v. Duntley,* 185 Or 365, 203 P2d 640 (1949).

After reviewing the above statutes, regulations and official departmental communications, we are satisfied that the requirements of the statutes have been substantially met by the University in designating its personnel director as appointing authority for all employes in the classified service. Cases from other jurisdictions interpreting differing civil service laws and regulations would not be applicable here.

■ Most importantly, the legislature, in enacting the civil service law, was interested in establishing a fair procedure whereby any civil service employe dismissed for cause would have a right to a fair public hearing before an independent review board, thus assuring him due process of law. *Warren v. Marion County et al,* 222 Or 307, 314, 353 P2d 257 (1960).

■ As to the merits we have examined the entire record and find that there is substantial evidence to support the findings of the Public Employe Relations Board. Where the findings and order of the administrative body upholding petitioner's suspension and dismissal are supported by substantial evidence we will not substitute our judgment for that of the administrative body. *Bay v. State Board of Education,* 233 Or 601, 378 P2d 558, 96 ALR2d 529 (1963); *Miesen v. Dept. of Commerce,* 3 Or App 251, 473 P2d 691 (1970).

The judgment of the lower court is therefore reversed.