Argued November 1, affirmed December 27, 1971, petition for
rehearing denied January 26, petition for review
denied February 29, 1972

VANDEVER, *Appellant, v.* STATE BOARD OF
HIGHER EDUCATION, *Respondent.*
491 P2d 1198

*John S. Irvin,* Oregon State Employes Association, Salem, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This appeal involves the construction and operation of Oregon statutes dealing with classification and compensation of unclassified employes of the state system of higher education.

Plaintiff William Vandever appeals from a decree of the circuit court which found for defendant State Board of Higher Education and dismissed plaintiff's complaint for declaratory judgment, injunctive relief and supplemental relief in the form of a money judgment for additional salary allegedly due.

Plaintiff was hired by defendant in September 1964 as a TV-Radio Producer-Director in the Department of Higher Education's Division of Continuing Education at station KOAP-TV in Portland. Academic staff personnel in the state system of higher education are in the "unclassified service," ORS 240.207, and are covered by defendant's general clas-

sification and compensation plan as required by law. ORS 240.240(4). It is undisputed that plaintiff's appointment was to a position in "the unclassified service" as defined in ORS 240.207(1)(b)(E). He received a written "Notice of Appointment" stating that he was being employed with the academic rank of "Instructor" at the yearly salary of $7,500. This was later corrected to $7,200.

Each fiscal year thereafter plaintiff was reappointed with the rank of "Assistant Professor," and given merit increases in salary. However, as defendant concedes, plaintiff's salary was at all times less than the minimum salary specified for an "Assistant Professor" in defendant's general classification and compensation plan. Plaintiff has never been granted tenure.

The central question is whether defendant could hire and pay plaintiff at a rate less than the minimum salary specified for an "Assistant Professor" in defendant's general classification and compensation plan.

Plaintiff testified that when hired he was told that because of his academic background he would be appointed to the rank of "Assistant Professor" rather than the lower rank of "Instructor"; that he was advised of the salary rate that would be paid to him, but he was not told that it was less than the general plan's minimum for an "Assistant Professor"; that in June 1968 he discovered for the first time the existence of the general classification and compensation plan and that his salary was less than the minimum, and made efforts to have his salary increased. His request was rejected by the Chancellor of the higher education system in January 1970, and plaintiff commenced this suit.

The controlling statutes are ORS 351.070(1)(a) and ORS 240.240.[1]

A statute is to be given the meaning the legislature intended it to have. *Oregon Willamette Lbr. Co. v. Lincoln Co.*, 232 Or 540, 376 P2d 422 (1962). Cases from other jurisdictions interpreting different civil service laws and regulations which were cited by both

---

[1] ORS 351.070(1)(a) provides:

"(1) The State Board of Higher Education may, for each institution under its control:

"(a) Appoint and employ a president and the requisite number of professors, teachers and employes, and prescribe their compensation and tenure of office or employment.

"* * * * *."

ORS 240.240 provides:

"(1) The unclassified service shall not be subject to this chapter, except that employes and officers in the unclassified service shall be subject to the laws and regulations pertaining to any type of leave with pay, except as otherwise provided in subsection (4) of this section.

"(2) With regard to any unclassified position for which the salary is not fixed by law, *and except as otherwise provided in subsections (3) and (4) of this section,* a salary plan which is equitably applied to various categories in the unclassified service and is in reasonable conformity with the general salary structure of the state shall be maintained by the elected officials and other appointing authorities. For the purpose of establishing a salary plan, the appointing authorities may request the advice and assistance of the division. Any salary plan under this subsection shall be approved by the Executive Department. The department shall, before approval, submit all salary plans established by an appointing authority under this subsection to the division for review and recommendation if the salary plan was not submitted to the division by the appointing authority.

"(3) The Secretary of State and the State Treasurer may for the purpose of maintaining a salary plan for unclassified positions in their departments request the advice and assistance of the division.

"(4) *With regard to unclassified positions in the state system of higher education, the salary plan and arrangements for leave with pay shall be established by the State Board of Higher Education.*" (Emphasis supplied.)

parties, have little or no application to the question presented here.

■ Analyzing the above statutes as a whole, and particularly the express language of ORS 240.240(4), it is clear that the legislature, in enacting this last provision, made a policy decision to give the State Board of Higher Education broader discretion than other state agencies in establishing a classification and compensation plan for its unclassified positions. Under this provision the Board was free to adopt any reasonable classification and compensation plan which would meet its peculiar educational and fiscal requirements. Further, unlike most other state agencies, it was not required to submit its plan to the State Personnel Department nor to the Executive Department for approval.

■■ When legislative intent is apparent this court is bound to follow it. *Hall v. Oregon Dept. of Motor Vehicles,* 2 Or App 248, 250, 467 P2d 975 (1970).

The record shows that pursuant to this broader discretion defendant not only adopted its own classification and compensation plan but adopted and promulgated on July 24, 1956, an administrative regulation allowing the Board to make "exceptions * * * as circumstances require," and allowing the Board "to make an appointment above or below the minimum rate." *See,* Administrative Code of the Oregon State Department of Higher Education, at 52.

Each subsequent change in defendant's compensation plan carried the following provision:

"In accordance with the Administrative Code provision approved by the Board at the time the original salary scale was adopted in July 1956, appointments may be made at salary rates below the

indicated first steps and above-scale salary rates are to be permitted for a few outstanding staff members in each of the academic ranks."

Under ORS 41.410(3) we take judicial notice of the above regulation and the official acts of the Department of Higher Education pursuant thereto, as did the court below. *Beistel v. Pub. Emp. Relations Bd.,* 6 Or App 115, 120, 486 P2d 1305 (1971).

Plaintiff urges that defendant is subject to the requirements of ORS 240.240(1) and (2), and that these subsections preclude defendant from adopting any regulation authorizing it to make "exceptions * * * as circumstances require." Plaintiff characterizes the foregoing regulation as "an escape clause" and asserts that defendant had no legal authority to adopt it or to pay him at less than the minimum salary rate specified in its general plan.

Plaintiff's contention, however, totally ignores the clause

"* * * except as otherwise provided in subsections (3) and (4) of this section, * * *"

which precedes and of course limits the application of the remainder of ORS 240.240(2) on which plaintiff relies.

An unambiguous statute should not be interpreted, but should be enforced according to its clear language. *State v. Young,* 74 Or 399, 145 P 647 (1915).

We conclude therefore that under ORS 351.070 (1)(a), 351.070 (2)(b), and ORS 240.240 (4) the defendant Board was authorized (a) to adopt an administrative regulation allowing it to make exceptions to its general classification and compensation plan and (b) to hire and pay plaintiff at a rate less than the min-

imum salary provided in defendant's general plan. The trial court correctly denied plaintiff the relief sought in his complaint.

Affirmed.