# DWIGHT PARR v. DEPARTMENT OF REVENUE

James K. Belknap, Portland, represented plaintiff.

Ira W. Jones, Senior Assistant Attorney General, represented defendant.

Decision for plaintiff rendered December 12, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiff appeals from defendant's Order No. VL 75-143, dated March 14, 1975, affirming the Washington County tax collector's method of computing interest on delinquent property taxes for the tax year 1972-1973. The question before the court is solely one of statutory construction.

The statute, ORS 311.505(2), charges interest on late property tax payments "at the rate of two-thirds of one percent *per month, or fraction of a month until paid.*" (Emphasis supplied.) The plaintiff's construction of the statute would require interest on delinquent tax payments to be charged on a daily basis for any "fraction of a month" until such taxes are paid. The defendant Department of Revenue contends that the tax collector may charge interest for a fraction of a month as if the fraction equaled an entire month.

The facts in this case are uncontested. Plaintiff owned real property in Washington County on which 1972-1973 property taxes were delinquent after November 15, 1972. When the plaintiff paid these taxes on September 11, 1974, the tax collector for Washington County charged the plaintiff a full month's interest for the period from August 15, 1974 to September 14, 1974.[1] Plaintiff contends that the interest for the period September 11 to September 15, inclusive, was charged illegally.

It appears that this particular statute, and other similar Oregon tax statutes,[2] have never been con-

---

[1] Since the taxes were due on November 15, 1972, the monthly periods used by the tax collector should begin on the 16th of each month and end on the 15th day of the following month.

[2] See, for example, ORS 119.130, 119.140(1) and (2), 119.300, 119.320, 119.330(1) and (2), 311.213(2), 311.812(3), 314.395(2), 314.400(1) and (2), 314.405(4), 316.407(2) and (3).

strued. Furthermore, counsel and the court have been unable to find a similar statute construed in any other jurisdiction.[3] The court is therefore left only with the words of the statute and the rules of statutory construction.

First, the words of the pertinent part of the statute, ORS 311.505:

"(2) Interest shall be charged and collected on any taxes or instalment thereof, not so paid, at the rate of two-thirds of one percent per month, or fraction of a month until paid."

The statute is ambiguous. The words can be given more than one meaning.[4] Because of the ambiguity, reliance must be placed on the rules of statutory construction. *Curly's Dairy v. Dept. of Agriculture*, 244 Or 15, 20-21, 415 P2d 740 (1966).

It should first be noted that the "interest" being charged is, in law, a penalty. The court in *Colby v. City of Medford*, 85 Or 485, 527-528, 167 P 487 (1917), made the following observation:

"* * * [W]hen interest is charged on a delinquent tax it is not regarded as interest in the sense that it is a consideration for the forbearance of money, but it is deemed to be a penalty; and when interest, so called, is charged, it is sustained on the theory that it is a means to insure prompt pay-

---

[3] This paucity of authority probably results because the amount of money generally involved is de minimis. The sum herein is the amount of tax due times 4/30 (four days of a month) of two-thirds of one percent (.0889%).

[4] Contrast the greater clarity of the Missouri statute:

"All taxes * * * shall bear interest at the rate of ten percent per annum from the time of making such book until paid. In computing such interest, a fraction of a month shall be counted as a whole month." Vernon's Annot Mo Stat 1952, § 140.060(3) (amended by Mo Laws 1959, HB No. 106, § 1).

ment of the tax and it is not a part of the tax:
* * *."

See also *Livesay v. DeArmond,* 131 Or 563, 569, 284 P 166, 68 ALR 422 (1930); *State ex rel Pierce v. Coos County,* 115 Or 300, 304, 237 P 678 (1925).

■ A penalty must be plainly imposed and strictly construed. Or Const, Art IV, § 21. In *Elliott v. Railroad Company,* 99 US 573, 576, 25 L Ed 292, 293 (1879), the U.S. Supreme Court said:

"* * * Penalties are never extended by implication. They must be expressly imposed or they cannot be enforced. * * *"

The Supreme Court's precept was followed in *Gallup, Ex. v. Schmidt, Treas.,* 154 Ind 196, 215, 56 NE 443 (1900), where the court noted that:

"* * * [P]enalties are not favorites of the law, and can not be granted by implication. We must then find an express warrant in the statute, or deny the contention."

See also *Commissioner v. Acker,* 361 US 87, 80 S Ct 144, 4 L Ed2d 127, 131, 59-2 USTC ¶ 9757, 4 AFTR2d 5778, 5780 (1959). The principle, in a different factual context, is expressed in *Hillman v. North. Wasco Co. PUD,* 213 Or 264, 309, 323 P2d 664 (1958), and cases there cited. *Cf. Ins. Commissioner v. Allstate Ins. Co.,* 221 Or 371, 385, 351 P2d 433 (1960); *Crook v. Curry County,* 206 Or 350, 356, 292 P2d 1080 (1956); *Eugene Theatre et al. v. Eugene et al.,* 194 Or 603, 629, 243 P2d 1060 (1952). The preceding suggest a general rule of construction which the court adopts: when in doubt as to the exact computation of a penalty, the statute should be construed against the state and in favor of the taxpayer.

The defendant counters with three main arguments which tend to sustain an interpretation that interest is

to be charged for a full month, even if the back taxes were paid sometime during the month.

██ The first argument is that this is a practice of long standing which should be given great weight by the court. Defendant asserts that each other Oregon county tax collector interprets the statute as did the Washington County tax collector herein. Assuming this to be true, the court notes that no formal ruling, regulation or directive regarding the matter has been brought to its attention. The argument that such informal interpretation, passed from generation to generation of tax collectors, should be accorded great weight is dubious where a penalty is involved. The cases cited by defendant, *Kaiser Cement v. Tax Com.*, 250 Or 374, 443 P2d 233 (1968), and *Beistel v. Pub. Emp. Relations Bd.*, 6 Or App 115, 486 P2d 1305 (1971), both involved administrative interpretations of a more formal nature. The court agrees with the comments made in *Com. v. American Ice Co.*, 406 Pa 322, 332, 178 A2d 768, 773 (1962):

> "* * * Such opinions may serve as aids when contemporary interpretation is needed in order to fix the meaning of doubtful statutory provisions, but if they do not accord with governing legal principles they may not supplant the responsibility of the courts to interpret statutes and declare their application to existing facts and situations."

It can easily be assumed that the asserted long-standing administrative interpretation has persisted because the effects, in cases such as this, are de minimis and, therefore, never challenged in the light of legal principles.

██ It is also contended that the interpretation given by the defendant promotes efficiency and convenience in calculating the amount of interest due because the interest charge is simply the product of

the back taxes paid, the interest rate per month, and the number of months the taxes were delinquent (counting any part of a month as a whole month). True, administrative convenience in the enforcement and the collection of taxes is a matter that should be taken into consideration by the courts. *See* 3 *Sutherland Statutory Construction* § 66.06 (C. Sands, 4th ed 1974), and cases cited therein. However, administrative convenience cannot control the interpretation of statutes, particularly in a factual situation such as here appears, where a simple table could easily be prepared which would provide the results of calculations by days rather than by months.

The third and final argument the Department of Revenue presents to the court is that, since the legislature must have intended that each term or expression used in a statute adds to its meaning,[9] the changes in the statutory language over the years show a present intent on the part of the legislature to charge interest for a full month, even when a part of a month is involved. The defendant points to the language of Lord's Or Laws § 3682, as amended by Gen Laws of Or 1913, ch 184, § 20, a predecessor of the statute in question.

> "* * * Upon all taxes so delinquent there shall be charged and collected * * * interest at the rate of 12 per cent per annum on such taxes from the day on which they became delinquent until their payment. * * *"

The challenged language of the current statute was

---

[9] This rule was in *State ex rel v. Smith et al.*, 197 Or 96, 110, 252 P2d 550 (1953):

"In arriving at the legislative intent respecting the duties of the tax collector in the instant matter, a given act should be read with all statutes relating to the same subject matter and effect given to every word, phrase, sentence and section of all such statutes, if that be possible. * * *"

enacted in its present ambiguous form by Gen Laws of Or 1915, ch 156, § 1, which reads:

"Interest shall be charged and collected on any tax or half of a tax, not so paid, at the rate of one per cent per month or fraction of a month until paid."

The defendant points out that the 1915 statute not only substitutes "per month" in place of per annum, but also adds "or fraction thereof." It argues that the term "fraction" must have been placed in the statute for a purpose; the legislature would have never intended that a statute charging interest "by the month" would have the same meaning as one charging "by the month or fraction of a month." There is merit in this contention, as stated, but examination of similar Oregon penalty statutes, to which defendant's theory may be applied, adds complexities to the attempt to interpret them. In ORS 311.812(3), for example, interest is charged at a per month rate "for each month or *major* fraction of a month." (Emphasis supplied.) (Presumably, a mere "fraction" would be disregarded under this statute.) From this, it can be argued, that, since a "major fraction" is intended to divide the month into two parts, interest being charged only if the payment was made in the latter half of the month, a statute using the phrase "fraction of a month" would require a division of the month into 30 parts.©

Similar complexities are raised by ORS 316.407(2) and (3). Subsection (2) uses the familiar language of charging interest at the rate of "one percent per month for each month or fraction of a month." However, subsection (3), in referring to subsection (2), says that interest shall be "one percent per month." The

---

© The court concedes that rate based on a "month" of 30 days may be acceptable, while recognizing that "thirty days hath September * * *," etc.

reference implies that the legislature intended that charging interest at so much per month has the same meaning as charging it "for each month or fraction of a month." The conclusion to be drawn is that, since even the defendant agrees that charging interest at a per month rate would require a daily computation, the charging of interest at a per month or fraction-of-a-month rates should also require a daily computation. Can these statutory references be regarded as conclusive proof of the matter or do they represent a legislative drafting error among otherwise uniformly worded statutes?[7]

There is yet one more variation in language that may provide a clue to the meaning of the statute in the instant case. Unlike all the other statutes using similar language, the one under construction has a comma where none of the others have included it: ORS 311.505(2) charges interest at two-thirds of one percent "per month, or fraction of a month until paid." No other statute has included a comma in this location. What meaning can be ascribed to this comma?[8]

This entire exercise has failed to produce a key to unlock the meaning of the statute. Although there is very little to go on, the court concludes that the statute should be read as requiring interest to be accrued on a daily basis where the period measured is less than a month. No great burden will be placed on the tax collector in making such calculations. (They are routinely carried out by many financial institutions.)

When a statutory penalty is to be meted out for the taxpayer's failure to pay delinquent taxes, the am-

---

[7] *See* n 2, *supra.*

[8]
"* * * Punctuation is a most fallible standard by which to interpret a writing; * * *." *Ewing v. Burnet,* 36 US (11 Pet) 41, 54, 9 L Ed 624, 630 (1837).

biguity in the statute as to the measure of the penalty should be decided in favor of the taxpayer.

The Department of Revenue's Order No. VL 75-143 is set aside and held for naught. ORS 311.505(2) does not authorize a county's tax collector to charge and collect "interest," as the term is used in the statute, after the date delinquent property taxes have been paid.

Plaintiff is entitled to its statutory costs (but not to attorney fees as requested, there being no statutory sanction therefor).