# PARR, *Respondent,*

### *v.*

# DEPARTMENT OF REVENUE, *Appellant.*

553 P2d 1051

*Ira W. Jones,* Senior Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Lee Johnson, Attorney General, Salem.

*James K. Belknap,* Portland, argued the cause and filed a brief for respondent.

BRYSON, J.

## BRYSON, J.

Defendant appeals from a decree of the Tax Court construing ORS 311.505(2) pertaining to interest charged on delinquent real property taxes. *Parr v. Dept. of Rev.,* 6 OTR 259 (1975). The sole issue is one of statutory construction.

Plaintiff owns real property in Washington County on which taxes were delinquent for the year 1972-73. Plaintiff paid the delinquent taxes on September 11, 1974. The Tax Collector charged interest from the due date (15th day of the month) of the taxes through September 15, 1974. Plaintiff contends that interest on the period September 11, 1974, through September 15, 1974, was an unlawful charge.

ORS 311.505(2) provided:

"(2) Interest shall be charged and collected on any taxes or instalment thereof, not so paid, at the rate of two-thirds[1] of one percent *per month, or fraction of a month* until paid." (Emphasis added.)

The Tax Court found the above statutory language ambiguous and applied the rule that "in the interpretation of tax statutes doubtful cases are to be construed in favor of the taxpayer and against the state." *Ins. Commissioner v. Allstate Ins. Co.,* 221 Or 371, 385, 351 P2d 433 (1960). In *Ruth Realty Co. v. Tax Commission,* 222 Or 290, 306, 353 P2d 524 (1960), we qualified the rule stated in *Ins. Commissioner v. Allstate Ins. Co., supra,* by saying that the rule is to be applied "unless a contrary legislative intention appears."

The Tax Court held that ORS 311.505(2) required that interest be charged on delinquent taxes at a rate of two-thirds of one percent times the number of full months and fraction of a month that the taxes remained unpaid; the "fraction of a month" to be based on the number of days the taxes remained unpaid divided by

---

[1]The 1975 legislature changed the rate from "two-thirds" to "one percent," Oregon Laws 1975, ch 704, § 2(2).

the number of days in the month. The defendant contends the Tax Court erred:

1. In ignoring the plain meaning of the language contained in ORS 311.505(2);

2. In failing to give meaning to every word contained in the subsection, consequently ignoring the intent of the legislature in enacting the statute;

3. In failing to give persuasive weight to the long-standing interpretation of the statute which has been used by various state agencies for some sixty years and which has remained unchanged by the legislature during this time.

We agree with the Tax Court that the language of ORS 311.505(2) is amenable to either of the two divergent interpretations urged by plaintiff and defendant and is therefore ambiguous.[2]

The court correctly turned to the rules of statutory construction but relied solely on the rule as applied in *Ins. Commissioner v. Allstate Ins. Co., supra,* and in *Crook v. Curry County,* 206 Or 350, 356, 292 P2d 1080 (1956), which states:

"* * * [I]t must be remembered that a tax operates in invitum and the general rule is that where there is an ambiguity a tax statute should be liberally construed in favor of the taxpayer. * * *"

In *Didier v. S. I. A. C.,* 243 Or 460, 465, 414 P2d 325 (1966), we held:

"When possible, legislation is to be construed so that it will carry out its revealed legislative purpose. If the legislative purpose is unclear from the language of the section under examination, courts are required to give to the section a meaning that comports with common sense and with the statutory scheme as a whole. * * *

"Construction should avoid inconsistent and unconscionable results. * * *"

---

[2] Contrast the greater clarity of the Missouri statute:

"All taxes * * * shall bear interest at the rate of ten percent per annum from the time of making such book until paid. In computing such interest, *a fraction of a month shall be counted as a whole month.*" Vernon's Annot. Mo. Stat. 1952, § 140.060(3) (Amended by Mo. Laws 1959, HB No. 106, § 1). (Emphasis added.)

■ We conclude there should not be separate and different rules of statutory construction for ambiguous tax statutes than for other ambiguous statutes passed by the legislature. It is the legislative intent and purpose that this court strives to determine when faced with ambiguous statutory language, and tax statutes should not be construed in favor of either the taxpayer or the state. Accordingly, *Crook v. Curry County, supra; Ins. Commissioner v. Allstate Ins. Co., supra;* and *Ruth Realty Co. v. Tax Commission, supra,* are overruled wherein they conflict with this decision.

The construction placed by the Tax Court on ORS 311.505(2) and its predecessors is contrary to the interpretation used uniformly over the past 60 years by the tax collectors of the State of Oregon, the State Tax Commission, and the Department of Revenue. These agencies have consistently construed this statute as requiring that a tardy taxpayer be charged interest at the rate of two-thirds of one percent (now one percent) per month or fraction of a month, rounding up the fraction of a month to a full month, during which the tax remains unpaid, keeping in mind that real property taxes are payable quarterly on the 15th day of the designated month. In *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966), we stated:

> "* * * [T]he interpretation of an ambiguous statute by an agency charged with its administration is entitled to great weight, although it is not binding on the courts. * * *"

*See also Gouge v. David et al,* 185 Or 437, 202 P2d 489 (1949).

The legislative history contemporaneous to the enactment of the legislation preceding ORS 311.505(2) is unenlightening. The record shows that the biennial reports of the then State Tax Commission considered the present method of computing interest a significant change from that which had existed prior to the 1915 amendments. Section 3686 of Lord's Oregon Laws, Oregon Law 1907, ch 267, sec 26, p 462, provided, prior

to its amendment by Oregon Laws 1915, ch 156, sec 1, that interest be charged against taxes remaining unpaid at the rate of 12 percent per annum. The schedules provided to the tax collectors for the computation of interest and delinquent taxes covering years as early as 1943-46 show that the interest is computed at a given rate of increase per month rounded off for each fraction of a month to a full month during which the tax remains unpaid.

■ Further, the legislature has revealed its understanding of these words in more recent sessions. In 1961 the legislature apparently relied upon the State Tax Commission's interpretation of this language, "per month or fraction of a month," in its consideration and passage of Senate Bill 85, Oregon Laws 1961, ch 504, pertaining to taxes on net income and interest on deficiency assessments and interest on taxes paid in installments. Furthermore, the acquiescence in the Tax Commission's interpretation of this language over the last 60 years should, in this case, be regarded as weighty evidence that that interpretation was harmonious with the legislative understanding of the language and its intent in adopting it.

■ Where the disputed language is part of a general scheme or legislative plan, it is not inappropriate to look to the way in which the same or similar language has been interpreted in other portions of that same scheme or plan. In the instant case, the repetitive appearance of "month or fraction of a month" language in other sections of this state's revenue laws[3] makes it

---

[3] The same language appears in the inheritance tax laws (ORS 118.260), gift tax laws (ORS 119.130, 119.140(1) and (2), 119.300, 119.320, 119.330(1) and (2)), property tax laws (ORS 311.213, 311.812(3)), general tax provisions (ORS 314.395(2), 314.400(1), (2) and (3), 314.405(4)) and income tax provisions (ORS 316.407(2) and (3)). The provision in ORS 311.505(2) includes a comma before the word "or." It is the only one of the several statutes cited above which is so punctuated. We do not, however, find the presence or absence of a comma in this phrase significant. As the U. S. Supreme Court noted early in *Ewing v. Burnet,* 36 US (11 Pet) 41, 54, 9 L Ed 624, 630 (1837), "punctuation is a most fallible standard by which to interpret a writing."

necessary that the court look to the general intent of the legislature in its overall use of the language. Absent clear evidence to the contrary, it would be illogical to attribute to the legislature an intent to apply different meanings to identical language simply because it appears in different sections of the Oregon revenue statutes.[4]

In reviewing the legislative history of tax statutes, it is apparent that the legislature has altered other tax statutes to bring them in conformity with the language here involved and interpreted by the Tax Commission to require the charge of a full month's interest for each fractional portion of the month during which the tax remains unpaid. See Oregon Laws 1975, ch 593, sec 18(2) and Oregon Laws 1975, ch 704, sec 2(2).

■ We conclude that the interpretation of ORS 311.505(2), urged by the defendant, has been used by the various governmental bodies for more than 60 years and does give effect to each and every word of the statute and therefore carries out the legislative intent of simplification of the tax collection procedure by rounding up the fraction of a month to a full month during which the tax remains unpaid. No costs to either party.

Reversed.

---

[4]The anomalies which could result from too strict an adherence to the maxim that ambiguous tax statutes are always to be construed in favor of the taxpayer and against the state are amply demonstrated by an application of this maxim to ORS 311.505(2) and 311.812(3). Adherence to the Tax Court interpretation would have the language "month or fraction of a month" in ORS 311.505(2) require the proration of the interest rate in accordance with the number of days in a given month the tax is in default. Yet, if this same maxim were applied to construe ORS 311.812(3), the same language would have to be interpreted as providing for each fraction of a month to be rounded up to a full month. This inconsistent outcome would result from the fact that ORS 311.505(2) concerns interest which the taxpayer must pay to the state should he be tardy in paying his taxes, while ORS 311.812(3) sets out the rate of interest which the state must pay the taxpayer under certain circumstances where the taxpayer is entitled to a refund. Any system of statutory construction which would have the interpretation of identical statutory language turn upon the fortuity of the statutory provision under which it is first tested must be regarded with circumspection.