# IN THE OREGON TAX COURT

## ESTATE OF COLLINS

*v.*

## DEPARTMENT OF REVENUE

(TC 1935)

Nancy L. Cowgill and Robert S. Wiggins, Stoel, Rives, Boley, Fraser and Wyse, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 20, 1983.

**SAMUEL B. STEWART, Judge.**

The plaintiff appealed from the defendant's Opinion and Order No. IH 82-5, denying plaintiff's claim that interest paid upon a state "pick up" tax should have been included in

the plaintiff's refund when the assessed deficiency was subsequently reduced. The following facts have been stipulated by the parties:

1. Spencer R. Collins died March 16, 1977.

2. Plaintiff filed its federal estate tax return on December 16, 1977, electing to defer payment of the tax attributable to interest in a closely held business as allowed by IRC § 6166 (1954). On the return, the plaintiff deducted all interest that had accrued and was estimated to accrue in the future on the deferred tax as an administrative expense under IRC § 2053 (1954).

3. The plaintiff filed its Oregon inheritance return on December 16, 1977, showing no liability for the state "pick up" tax.

4. The plaintiff made certain payments to the defendant on December 16, 1977, February 6, 1978, and August 14, 1979.

5. On August 29, 1979, the defendant issued an Inheritance Tax Receipt of $863,476.72 which included $31,140.59 of interest.

6. In 1979, an IRS audit disallowed the plaintiff's claimed deduction for estimated future interest on the deferred estate tax liability, permitting only a deduction for interest actually accrued. This adjustment increased the federal credit for state death taxes paid (IRC § 2011 (1954)) to $948,910.36.

7. Based upon this adjustment, the defendant asserted a deficiency against the plaintiff, alleging plaintiff owed an additional $148,282.34, including a "pick up" tax and interest.

8. IRS granted the plaintiff's claimed refund based on interest on the deferred tax, reducing the IRC § 2011 (1954) credit to $903,627.

9. Based upon this reduction, the defendant allowed plaintiff a credit of $45,283.30 against the alleged "pick up" tax liability as of December 16, 1979, resulting in a revised claim for $105,877.60, including "pick up" tax and interest.

10.   The plaintiff paid the full amount of the claimed deficiency, including interest, on August 16, 1980, and the defendant issued a Supplemental Inheritance Tax Receipt on August 22, 1980.

11.   Proration of payments to principal and interest resulted in a zero balance for each on August 16, 1980.

12.   As a result of adjustments and credit allowed by IRC § 2011 (1954) upon plaintiff's paying of accrued interest, the plaintiff filed a claim for a refund on December 21, 1980, for $34,035.04 of "pick up" tax plus interest thereon. The defendant refunded the "pick up" tax but disallowed the claim for interest.

13.   Based upon similar adjustments in credit, the plaintiff's subsequent claims for refunds were allowed by the defendant, resulting in a full refund to plaintiff of all "pick up" tax paid to defendant.

14.   On March 8, 1982, the defendant also refunded $9,336.96, resulting from a reduction of basic inheritance tax by the allowance of deductions for additional administrative expenses.

15.   The defendant refused to refund any interest paid by the plaintiff attributable to late payments of Oregon inheritance "basic" and "pick up" tax refunds to the plaintiff.

The plaintiff seeks to recover interest paid to the defendant on an asserted deficiency of the state "pick up" tax when such deficiency was subsequently refunded or credited to the plaintiff and a refund of interest paid by the plaintiff on an asserted deficiency of the basic inheritance tax attributable to a refund for allowance of deductions for additional administrative expenses.

The plaintiff alleges that it is entitled to the interest refunds because the defendant refunded or credited the entire amount of "pick up" tax which had been assessed against the plaintiff and $9,336.96 of the basic inheritance tax and that no provision of Oregon law prohibits the refund of interest which has been paid on a refunded inheritance tax.

The defendant contends that the subsequent cancellation of a validly assessed tax does not cancel the duty to pay interest charged for the late payment.

During the subject period, Oregon law imposed a "pick up" tax as an additional inheritance tax equal to the amount by which the maximum IRC § 2011 (1954) credit exceeded the amount of the state basic inheritance tax. ORS 118.100(4) (1975 Replacement Part). The due date of the "pick up" tax was nine months after the date of decedent's death (ORS 118.100(5)) (1975 Replacement Part) and interest on the "pick up" tax was assessed at one percent per month from that date. ORS 118.260(4) (1975 Replacement Part.)

Adjustments in the amount of the federal taxable estate changed the amount of the federal credit. IRC § 2011(b) (1954). Such changes also affect the amount of the "pick up" tax and are so recognized by defendant's administrative rule, OAR 150-118.100(4) (1975).

OAR 150-118.260(6) (1981) directs that: "Where payment exceeds the amount of tax shown by the return or as determined by audit of the return, the excess shall be refunded * * *. The Department does not have authority to pay interest on the refund."

The statute on which this rule is based is silent regarding refund of interest, merely mandating a refund of any excess tax paid.

The plaintiff alleges that the decision in *Bryant v. Dept. of Rev.*, 6 OTR 559 (1975), directly controls the instant case. *Bryant* involved a claim by a decedent's widow for the refund of inheritance taxes plus interest assessed for late payment which decedent's estate had paid. The plaintiff also claimed interest on the amount of the refund. The court found that the decedent's property did not pass to the plaintiff in a taxable transfer because she proved that she had given fair consideration for her ownership therein.

The court ruled that the plaintiff was entitled to a refund of the inheritance tax plus a refund of the interest paid on account of late payment of inheritance taxes "which taxes should not have been imposed, under the court's determination." (6 OTR at 578.) However, the court denied plaintiff's claim for a refund of interest on the amount of the refund because no statute provided for the payment of such interest.

The defendant asserts that *Bryant* is distinguishable from the case at hand because the inheritance tax and interest

paid with respect to a one-half interest in joint property had been paid on property which was actually exempt from inheritance tax, having been acquired by the plaintiff for fair consideration. The defendant alleges that the statutory scheme does not contemplate exemption from the "pick up" tax but requires that the tax be paid nine months after decedent's death, subject to subsequent abatement or reimbursement.

The defendant cites *Manning v. Seeley Tube & Box Co.*, 338 US 561, 70 S Ct 386, 94 L Ed 346 (1950), as support for its allegation that where a deficiency and interest have been validly assessed, a subsequent abatement of the deficiency does not abate the interest previously assessed on that deficiency. *Manning* involved a corporate claim for refund of interest paid on a tax deficiency when that deficiency was eliminated by carrying back a subsequent net operating loss.

The plaintiff alleges that the N.O.L. carry-back analogy to this case is invalid because "unlike the once-assessed pick-up tax, the income tax is assessed many times (once each year.)" (Plaintiff's Reply Brief at 3.)

■     However, IRC § 172 (1954), allowing an N.O.L. deduction, and IRC § 6166 (1954), allowing an extension of time for payment of estate tax where the estate consists largely of interest in a closely held business, have striking similarities. Both allow elections by a taxpayer regarding certain assessed taxes. There may be definite benefits to the taxpayer by so electing, but until the taxpayer chooses this alternative method, the assessed deficiency is valid.

In *Manning,* on August 2, 1943, the Commissioner of Internal Revenue assessed deficiencies in the corporation's 1941 taxes, with interest from the date the tax was properly due to the assessment date. On March 3, 1944, the corporation filed its return for the fiscal year ending September 30, 1943, showing an N.O.L. for that year. The election of IRC § 122(b)(1) (1939) allowed a carry back sufficient to abate completely the corporation's tax liability for 1941; therefore, the taxpayer filed for a refund of the 1941 tax paid and for the abatement of the assessed deficiency and interest. The Commissioner abated the deficiency but refused to refund all the tax that had been paid, retaining an amount equal to the

interest which had been assessed on the deficiency. The Supreme Court upheld the Commissioner's decision.

In the case before this court, an inheritance tax, including a "pick up" tax, was assessed by the defendant pursuant to ORS 118.100(2). The full amount of the assessed taxes plus interest had been paid by August 22, 1980. By the taxpayer's election to take advantage of the alternative procedure offered by IRC § 6166 (1954), the IRC § 2011 (1954) credit was affected, resulting in changes in Oregon's "pick up" tax.

Until that credit was changed, through events completely within the taxpayer's control, the inheritance tax assessed by the defendant was a valid assessment. Statutory interest accrued against that assessment until the tax was paid or abated through the consequences of the taxpayer's election regarding its federal estate tax.

The court in *United States v. Koppers Co.,* 348 US 254, 75 S Ct 268, 99 L Ed 302 (1955), concerning an abatement of excess profits taxes, ruled that the subsequent granting of relief did not operate retroactively to relieve the taxpayer of the duty to pay the correct tax on the return date. The court found that the abatement did not affect the deficiency which existed until relief was granted; therefore, the taxpayer was not relieved of the duty to pay interest on the deficiency for the intervening period.

The plaintiff asserts that: "Had the audit been completed immediately and the apparent pick-up tax liability asserted at such time, Plaintiff could have immediately paid the tax without interest. Plaintiff could then be made whole merely by a refund of the pick-up tax." (Plaintiff's Opening Brief at 14.)

Plaintiff filed its Oregon inheritance tax return on December 16, 1977. The last refund for the "pick up" tax was credited to the plaintiff by the defendant after December 16, 1981. Plaintiff overlooks the fact that had the "pick up" tax been paid earlier, the plaintiff would have lost the use of that money until the final refund was made (more than four years after the initial inheritance tax was due and payable). Therefore, a mere refund would have made plaintiff no more

"whole" than having use of the money and paying interest for late payments at a future date.

The plaintiff asserts that the reasoning in *Bryant* allows a refund of interest paid if no statute prohibits such a refund. Alleging that no Oregon statute restricts the refund of interest by a taxpayer of inheritance tax which is later refunded, plaintiff contends that the defendant erred in not including the interest in plaintiff's refund. The court's reasoning in *Bryant,* however, was based upon the determination that the tax in question "should not have been imposed." (6 OTR at 578.) In the present case, the tax imposed was valid and owing until the plaintiff made certain elections which caused abatements of the assessed tax.

It should be noticed that the interest being charged is, in law, a penalty. When interest is charged on a delinquent tax, it is deemed to be a penalty, not a consideration for the forebearance of money. The charge is a means of insuring prompt payment of the tax and is not a part of the tax. *Colby v. City of Medford,* 85 Or 485, 527-28, 167 P 487 (1917); *Parr v. Dept. of Rev.,* 6 OTR 259, 261 (1975), *rev'd on other grounds* 276 Or 113, 553 P2d 1051 (1976).

The court finds that taxes assessed against the plaintiff by the defendant were valid at the time of assessment. Subsequent events which developed at the election of the taxpayer resulted in certain abatements of the validly assessed taxes. Until that abatement or payment of the assessed taxes, a statutory interest penalty was validly invoked. The court upholds the defendant's actions in denying a refund of that interest. No costs.