## IN THE OREGON TAX COURT

### FIRST LOVE MINISTRIES
*v.*
### DEPARTMENT OF REVENUE
(TC 3061)

Kelly E. Ford, Beaverton, and Charles Craze, Menlo Park, California, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered December 4, 1991.

**CARL N. BYERS, Judge.**

This matter is before the court on cross-motions for summary judgment. The parties have stipulated the facts and submitted briefs in support of their positions.

The facts are: Prior to March 2, 1989, the subject property was owned by Faith Presbyterian Church (Faith) and was used for religious purposes. So owned and used, the property was exempt from taxation under ORS 307.140. Plaintiff is an incorporated religious organization formed for charitable purposes and exempt from federal income tax since its inception on February 9, 1989. On March 2, 1989, plaintiff entered into a purchase agreement with Faith to purchase the subject property on an installment contract. Faith remains

the fee simple owner of the property until the purchase price is paid in full.

In November, 1989, the assessor sent plaintiff a tax statement for the 1989-90 tax year showing taxes due of $2,140.69. In January, 1990, the assessor sent plaintiff a "Questionnaire For Confirmation Of Real Property Sales." Plaintiff completed and returned this questionnaire to the assessor on January 31, 1990. Plaintiff accompanied the questionnaire with a letter advising the assessor that both parties to the transaction were churches. The letter went on to state in part:

> "I am also enclosing a copy of the tax notices. They each reflect an exemption status and I have not filed any paperwork based on what I read on the notice. * * * If you require additional information please contact me at the above.

> "If we do not hear from you we will assume that there is nothing further you require from us."

The assessor did not respond to this letter. In May, 1990, plaintiff received another tax statement. Plaintiff then wrote the tax collector requesting a response to its letter of January 31, 1990. That letter states in part:

> "As I stated before, we are a tax exempt corporation, * * *. To my knowledge we are exempt from payment of these taxes, yet I continue to receive a billing with interest added.

> "Please respond to my letters so that we know what direction to take in this situation."

On May 9, 1990, the assessor's office discussed the situation with plaintiff on the telephone. On May 22, 1990, plaintiff applied for property tax exemption under ORS 307.140. On May 24, 1990, the assessor returned plaintiff's application asking whether it was intended for the 1989-90 year or for the 1990-91 year. On June 5, 1990, plaintiff replied that it was intended for 1989-90. On June 26, 1990, the assessor denied the application as being untimely. On July 6, 1990, plaintiff appealed to defendant. On November 23, 1990, the defendant held that plaintiff's application for exemption was late. Defendant also denied plaintiff's appeal for hardship relief on the grounds it was too late.

The cross-motions for summary judgment raise several issues. The first issue, both in time and importance, is

whether plaintiff was required to file an application for exemption.

ORS 307.140 grants a property tax exemption for property which is "owned or being purchased" by a religious organization and which is used for exempt purposes. ORS 307.162 provides that the religious organization must file a verified statement to claim the exemption. That statement must be filed on or before April 1 of the year in which the organization seeks the exemption. The statute further provides:

"However:

"(a)   If the ownership and use of all property included in the statement filed with the county assessor for a prior year remained unchanged, a new statement shall not be required."

Plaintiff asserts that neither ownership nor use of the property changed; therefore, no new claim for exemption was required. Citing *First EUB Church v. Commission*, 1 OTR 249 (1963), plaintiff maintains that the term "owned" in ORS 307.140 means holding legal title. Under plaintiff's purchase agreement, legal title does not change until plaintiff pays the full purchase price. Based on this, plaintiff concludes there has been no change in "ownership" within the meaning of ORS 307.162.

Defendant recognizes that the court construed the term "owned" in *First EUB Church* to mean legal title, but maintains that the term "ownership" should not be similarly limited. Defendant cites numerous cases dealing with the doctrine of equitable conversion and what constitutes ownership of real property. However, none of those cases are property tax cases.

In *Nehalem Timber Co. v. Columbia Co.*, 97 Or 100, 189 P 212, 190 P 318 (1920), the court held that a purchaser's interest under a sale agreement with an exempt seller was not subject to taxation. There the court construed a statute which was the precursor to the present ORS 307.030. The court commented:

"It is a general principle that taxes follow the legal title, and this seems to be the sense and spirit of this statute."

In *First EUB Church*, this court held that church property did not qualify for exemption where the religious organization did not hold legal title. There legal title to the property was held by trustees for the benefit of the church. The church contended that the legislature intended the word owned to include equitable as well as legal ownership. However, in construing the statute, the court noted:

> "If 'owned' included both legal and equitable titles, then the amendment [adding "or being purchased"] would have been unnecessary. Since it was amended, the legislature must have deemed equitable ownerships to be excluded prior to the amendment." 1 OTR at 261.

■    Defendant's position that the term "ownership" in ORS 307.162 need not be the same as "owned" in ORS 307.140 is not persuasive.

> "Absent clear evidence to the contrary, it would be illogical to attribute to the legislature an intent to apply different meanings to identical language simply because it appears in different sections of the Oregon revenue statutes." *Parr v. Dept. of Revenue*, 276 Or 113, 119, 553 P2d 1051 (1976).

The court has found nothing in the statutes or subsequent cases to indicate that the narrow interpretation of "owned" in *First EUB Church* has been or should be changed.

■    A number of the revenue statutes specifically address contract purchasers. It is reasonable to infer that without such specific provisions, the legislature intended "owned" to mean legal title. For example, ORS 307.100 expressly makes contract purchasers liable for taxes on property being purchased from public bodies. Without such a provision, the property would remain exempt from taxation because the legal title remains with the public body.

ORS 308.670 specifically defines the term "owner" to include contract purchasers. Likewise, ORS 308.740(3) specifies that "owner" means the holder of legal title unless the property is being purchased on a contract. Both of these statutes define the term "owner" for limited purposes. Again, the implication is that if the term "owner" included equitable as well as legal owners, there would be no need for such provisions.

In this case the parties have stipulated that the legal title has not changed. The court finds that "ownership" refers to legal title. Therefore, if there has been no change of legal title, there has been no change of ownership within the meaning of ORS 307.162.

The parties also stipulated that the "plaintiff has used the property for exempt religious purposes since March 2, 1989," and that "Faith Presbyterian Church used the property for religious purposes." Based on this stipulation, there has been no change in use of the property. There may have been a change in the user of the property but the statute specifies use, not user.

In summary, the court finds that there has been neither a change in the ownership nor in the use of the property. Therefore, plaintiff was not obligated to apply for an exemption. Although this may seem a technical reading of the statute, it is consistent with the purposes and intent of the statutory scheme. For example, under ORS 307.112 property owned by an exempt organization which is leased to another exempt organization can be exempt from property tax if it is used for exempt purposes. An exempt organization purchasing property on contract is in a similar position. The substantive purposes of the statute are accomplished in that an exempt organization owns the property and the property is used for exempt purposes.[1]

The court's finding with regard to the first issue is dispositive of this case. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is granted and,

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is denied. Costs to neither party.

---

[1] This interpretation does raise questions with regard to contract purchases by nonexempt organizations which lease or rent the property to exempt organizations with no change in use. The obvious solution is for the legislature to define ownership for purposes of ORS 307.162.