IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| GENESIS COMMUNITY FELLOWSHIP, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | TC-MD 110934C |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

This matter is before the court on Plaintiff's request for property tax exemption, for the

2009-10 tax year, on certain real property located in the assessor's records as Accounts R186389

and R186379. The court held a telephone case management hearing December 6, 2011. Plaintiff

was represented by Doreen Barnhouse, a trustee and the designated representative for the

Plaintiff nonprofit religious organization. Also appearing at that proceeding were Pastor Ronald

Frazier and Moses Davis, also a trustee of the church. Defendant was represented by three of its

employees: Sally Brown, Special Programs Manager, Debbie Attwood, Exemption Specialist,

and Richard Sanderman, Chief Appraiser for the commercial, industrial, and residential sections.

After some discussion, the parties requested that the court make a determination on whether

Plaintiff is entitled to the exemption at issue.

## I. STATEMENT OF FACTS

The subject property, located at NE 27th Avenue in Portland, Oregon, has historically

been owned and operated by the Presbyterian Church (Presbytery of the Cascades, Synod of the

Pacific). The property has been exempt from property taxes while owned and operated by the

Presbyterian Church, presumably under either ORS 307.140 (providing for property tax

/ / /

exemption for religious organizations) or ORS 307.130 (providing exemption for qualifying nonprofit organizations).

Plaintiff purchased the property from the Presbyterian Church under contract in 2008. Plaintiff understood that the property would continue to qualify for exemption because operation of the building was transferred from one exempt organization to another with uninterrupted exempt operations. Accordingly, Plaintiff did not file a property tax exemption claim with Defendant in 2009. In October 2009, Plaintiff received a property tax bill and, after investigating the matter, discovered that it was required to file an exemption application claim with Defendant. In a written narrative attached to the Complaint, Plaintiff indicates that "title was filed on April of 2008 but the name remained under Presbytery of the Cascades." (Ptf's Compl at 3.)

During the December 6, 2011, proceeding with this court, Plaintiff stated that it felt it was entitled to the exemption under *First Love Ministries v. Dept. of Rev.*, 12 OTR 97 (1991) (*First Love*), because there was no change of ownership or use resulting from the contract purchase. Defendant argues that the exemption claim form is required by law and that the statute that imposes the filing requirement now defines ownership as "legal and equitable." ORS 307.162(3)(c).[1]

## II. ANALYSIS

Qualifying property of religious organizations is entitled to exemption from property taxes under ORS 307.140. However, in order to obtain the exemption, the organization "must file a claim with the county assessor, on or before April 1 preceding the tax year for which the exemption is claimed." ORS 307.162(1). An organization approved for property tax exemption need not file annual (or renewed) applications provided "ownership of all property included in

---

[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.

the claim filed with the county assessor for a prior year remains unchanged." ORS 307.162(1)(b). By implication, ORS 307.162(1)(b) requires an application when the ownership of the property changes.

There was a change of ownership in this case in 2008 because Plaintiff purchased the property under contract from the former owner that year. The seller continued to hold legal title.

The tax year at issue in this case is 2009-10, which began on July 1, 2009. The exemption application claim form was therefore required to be filed on or before April 1, 2009. ORS 307.162(1). Plaintiff did not file an exemption claim form in 2009. Plaintiff has filed and been approved for exemption for the 2010-11 tax year.

Plaintiff contends that it is entitled to exemption without having filed the exemption claim form with Defendant based on this court's ruling in *First Love*. The facts in the *First Love* case are very similar to those at issue herein. The plaintiff in *First Love* entered into a purchase agreement with the Presbyterian Church under an agreement to purchase the property on an installment contract basis with the seller remaining the fee simple owner until it received the full purchase price from the plaintiff buyer. *First Love*, 12 OTR at 97-98. The statute at that time provided that no new statement claiming exemption needed to be filed as long as there was no change in "ownership and use of all the property." ORS 307.162(1)(a) (1987). The court ruled in favor of the plaintiff, finding that "there ha[d] been neither a change in the ownership nor in the use of the property." *First Love*, 12 OTR at 101. That statement was based on the court's finding that " 'ownership' refers to legal title" and that under the parties' purchase agreement, legal title did not change until the plaintiff had paid the full purchase price. *Id*. at 99- 101. In reaching that conclusion, the court rejected the defendant's argument that ownership *should* include equitable as well as legal title. *Id*. at 100 (emphasis added).

Defendant in the instant case argues that *First Love* is inapposite because the statute now defines ownership to include both legal and equitable title. ORS 307.162(3)(c). The court agrees. Plaintiff herein has equitable ownership of the property and as such was required to file a claim for exemption on or before April 1, 2009. Plaintiff failed to do so and that inaction precludes the court from allowing Plaintiff the requested property tax exemption.

There has been a recent change in the statute allowing for the late filing of a claim for exemption for certain filers that encompasses five prior tax years. Or Laws 2011, ch 655, § 2, *amending* ORS 307.162. However, that amendment only applies to tax years beginning on or after July 1, 2011, and is therefore inapplicable in this case.

The court understands that its decision in this case imposes a substantial burden on Plaintiff, a charitable nonprofit organization now faced with a tax bill of approximately $10,000. However, the court is bound to apply the law as it is written and in force for the tax year in question and cannot make determinations that might seem to some people as appropriate, equitable, or fair, etc. It is the legislature's purview to write the laws. The court simply applies them.

III. CONCLUSION

After due consideration, the court concludes that Plaintiff is not entitled to a property tax exemption on its otherwise qualifying property for the 2009-10 tax year because Plaintiff did not file the required exemption claim form with Defendant and there is no provision allowing for a late application on the facts of this case and the governing law. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for property tax exemption for the 2009-10 tax year on the property identified as Accounts R186389 and R186379 is hereby denied for failure to file the statutorily required application, and that the property is therefore subject to taxation for that tax year.

Dated this ____ day of January 2012.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on January 12, 2012. The Court filed and entered this document on January 12, 2012.*