Argued June 10, affirmed July 15, petition for rehearing
denied September 16, 1959

# STATE OF OREGON *v.* KOENIG

342 P. 2d 139

*Bernard P. Kelly,* Medford, argued the cause for appellant. With him on the brief was Edward C. Kelly, of Medford.

*Peter S. Herman,* Assistant Attorney General for Oregon, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General

for Oregon, and John R. McCullough and Robert R. Hollis, Assistant Attorneys General for Oregon.

Before McAllister, Chief Justice, and Rossman, O'Connell and Crawford, Justices.

CRAWFORD, J. (Pro Tempore).

The Public Utilities Commissioner filed an action under ORS 767.370 to collect an assessment of taxes entered by the Commissioner, proceeding under ORS Chapter 767. The assessment had become final under ORS 767.365. Issues were framed by the amended complaint, the amended answer consisting of a general denial, though admitting the Commissioner made "an attempted and purported assessment", and an affirmative defense alleging the action taken, resulting in the assessment, was arbitrary and capricious and without legal or factual basis. The reply denied the matter stated in the affirmative defense. Trial started before a jury, but at the conclusion of the evidence both parties moved for a directed verdict. The trial judge thereupon decided the case in favor of the plaintiff, and defendant appeals.

Defendant assigns as error the court's denial of motions for involuntary nonsuit and directed verdict, inclusion of penalties in the judgment, exclusion of certain evidence, denial of motion to make the amended complaint more definite and certain, and overruling of demurrer to the amended complaint. In the main, these motions fall in the same category and may be disposed of together. They all go to issues which defendant contends may properly be considered in this case, though they were of necessity considered and disposed of in connection with the final assess-

ment, from which no review was requested, as permitted by the statute. The assessment thereupon became final, and issues that might have been reviewed at that time may not be retried here. It should be understood *this* is not a case in which the commissioner is *making* an assessment under ORS 767.360. It is a proceeding for the *collection* of "fees, taxes, penalties and monies * * * due to the State", established by the assessment brought under ORS 767.360. It is to be observed that by ORS 767.365(1) "Any person against whom an assessment is made under ORS 767.355 or 767.360, may petition the commissioner for a reassessment thereof within 30 days after service upon the person of notice thereof. If such a petition is not filed within the 30-day period, the assessment becomes final at the expiration thereof. * * *" In the absence of such petition for reassessment the actions of the commissioner are not subject to collateral attack. They may only be challenged for fraud or on jurisdictional grounds. *Lane County v. Bristow,* 179 Or 653, 173 P2d 954; *Linn County v. Rozelle,* 177 Or 245, 162 P2d 150; *Citizens' National Bank v. Baker County Board of Equalization,* 109 Or 669, 222 P 341; *Western Union Telegraph Co. v. Hurlburt,* 83 Or 633, 163 P 1170; *Ankeny v. Blakley,* 44 Or 78, 74 P 485. From which it follows that the trial judge committed no error with respect to rulings on these matters. As stated by the learned trial judge in his memorandum opinion: "The sole question in the mind of the court was as to the efficiency of the notice which the plaintiff gave the defendant under the provisions of Section 767.360 and 767.355."

ORS 767.360(5) reads: "The commissioner shall give to such person written notice of such assessment,

such notice to be served as provided in subsection (6) of ORS 767.355. [Amended by 1957 c.564 Sec. 2]."

ORS 767.355(6) reads: "The commissioner shall give to the person concerned written notice of such additional assessment. Notice shall be served personally or by certified mail. If by certified mail, service shall be made by depositing such notice in the United States postoffice postage prepaid, addressed to the person at his address as it appears in the records of the commissioner."

The notice, plaintiff's Exhibit 1, is as follows:

"Geo. H. Flagg
PUBLIC UTILITIES COMMISSIONER
Salem, Oregon

Donnell E. Koenig                    Date    May 21, 1951
% E. G. Robertson
Talent, Oregon

Permit
Number    22353-1A

Your account has been charged with the following:

| | |
|---|---:|
| Plate Fee, 19 | |
| Flat Fee Class (Monthly) | 98.26 |
| Flat Fee Class (Quarterly) | |
| Mileage Fee | 1,312.25 |
| Penalty Charges | 305.00 |
| Interest Charges | 423.68 |

Audit: 8-1-45 to 9-7-50
KNK: djb

Previous Balance
Total Due                                        2,139.19"

The letter of transmittal reads as follows:

"May 21, 1951

22353

Mr. Donnell E. Koenig
% E. G. Roberston
Talent, Oregon

Re: Audit

Dear Sir:

An audit of your motor transportation operations during the period from August 1, 1945, to September 7, 1950, has been completed. An underpayment of fees amounting to $2,139.19 was found, and debit memo in that amount is attached.

This charge covers fees due for operations of equipment which were never reported and errors in the computation of your reports.

Please forward $2,139.19 on or before June 1, 1951, as the Motor Transportation Code requires that underpayments must be paid within ten days.

Very truly yours,
Geo. H. Flagg, Commissioner

Chief Auditor

KWK:djb
Encl."

Defendant challenges the sufficiency of this "notice" under the statute in that "office procedure" was accepted as proof of mailing. A "photostatic carbon copy of such letter" was received in evidence in the absence of evidence of nonavailability of the original and legal insufficiency of the letter as a "notice of assessment."

■ The statute does not specify the contents of the notice. Lacking such specific directive we conclude any form of notice substantially complying with the statute and with due process is sufficient. *Fulton*

*Realty Co. v. Athanas,* (DC 1945) 44 A2d 417; *Commercial Standard Ins. Co. v. Garrett,* (CCA 10, 1934) 70 F2d 969; *Pearll v. City of Bay City,* 174 Mich 643, 140 NW 938; *In re Weeks,* (Tex ND), 4 FSupp 558; *In re Hansen,* 229 Iowa 914, 295 NW 429; *Tooele Meat & Storage Co. v. Morse,* 43 Utah 515, 136 P 965.

■■ The notice was adequate. It advised defendant an "audit" of his operations had been made and that underpayment of his taxes resulted from his failure to report operations and errors in his computation of his taxes. Items entering into the assessment were separately stated. Defendant knew the "audit" was being made and that the assessment was being prepared. Again we quote from the memorandum opinion of the trial judge:

" *  *  *  *  *

"The evidence shows that the commissioner thereafter, as provided by law, on May 21, 1951 mailed to the defendant carrier a notice of such assessment by the depositing such notice in the United States mail, postage prepaid thereon and addressed to the carrier at his address as it appeared in the records of said commissioner, and by said notice said carrier was notified that his underpayment of taxes resulted from the operation of equipment that he had never reported to the commissioner. The notice set forth the period for the said taxes and penalties were assessed. The defendant was aware as to whether or not he had made the report of his operations as required by law and pending audit and before assessment thereof he was assembling his records relating to his taxable transactions.  *  *  *"

Defendant challenges admission of evidence of "office procedure" as competent to the issue of "mailing" of the notice. This procedure was developed, each

step being addressed to the giving of notice by mail. The letter, Exhibit No. 1, received in evidence, was the "notice" and the end result of such established and followed procedure. The evidence was competent. *Start v. Shell Oil Co. and Arntson,* 202 Or 99, 260 P2d 468, 273 P2d 225; ORS 41.900(15); ORS 41.360(20). The statutory mailing requirement was complied with. Further, we may add, under the circumstances of this case, defendant was charged with such information concerning the commissioner's proposed action as reasonable inquiry would have disclosed, and was required to keep advised of his rights and privileges. *Knapp v. Josephine County,* 192 Or 327, 235 P2d 564; *Cameron v. Edgemont Investment Co.,* 136 Or 385, 299 P 698; *Heitkemper v. Schmeer et al.,* 130 Or 644, 275 P 55, 281 P 169; *Linn County v. Rozelle,* supra. There was no violation of due process with respect to the notice, its contents or its transmission.

Finding no error, the case is affirmed.