Submitted on record and briefs April 6,
affirmed April 16, 1970

## HALL, *Respondent, v.* DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

467 P2d 975

Al J. Laue, Assistant Attorney General, Salem, filed the brief for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Robert E. Jones, North Bend, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY, and FOLEY, Judges.

SCHWAB, C. J.

This is an appeal by the defendant Department of Motor Vehicles[1] from a trial court order directing the defendant to cancel and set aside an order suspending plaintiff's motor vehicle operator's license. The question presented is whether actual receipt of notice of suspension by the party affected is required before the suspension is effective or whether constructive notice is sufficient. The applicable statute is ORS 482.570 which provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. Notice may be given either by personal delivery or by mail. Notice by mail is afforded a disputable presumption of receipt under subsection (24) of ORS 41.360 * * *."

ORS 41.360 provides in pertinent part:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect * * *. The following are of that kind:

"* * * * *

"(24) A letter duly directed and mailed was received in the regular course of the mail.
"* * * * *."

A lengthy recitation of the facts is not necessary to an understanding of this opinion. Suffice it to say that the Department of Motor Vehicles allegedly mailed a notice of suspension to the plaintiff at his given address. The plaintiff denied receiving it. While we might well have reached a different conclusion, the

---

[1] Now called the Motor Vehicles Division of the Department of Transportation.

trial judge accepted as true the testimony of the plaintiff as against the evidence produced by the department. The department on this appeal does not challenge the finding of fact.

The department argues that under the above-quoted statute all that is required is proper mailing—that actual receipt of the notice by the license holder is not a prerequisite to making effective the order of suspension. Neither party cites any Oregon cases interpreting the statute in question and we have found none. The department cites as authority cases from numerous other jurisdictions which hold that actual receipt of notice is not required for revocation of a motor vehicle operator's license. An examination of the statutes of those jurisdictions reveals that in every such case the mailing of the notice is all the notice that is required.

The department contends that any other rule would place an unnecessarily heavy burden on it and would give scofflaws the power to thwart revocation proceedings. Such may well be the case, but it is an argument more properly addressed to the legislature.

■■ When legislative intent is apparent we are bound to follow it. ORS 482.570 specifically provides that the presumption of receipt of notice by mail is disputable. In order to find that the intent of the legislature was that the mailing of the notice alone is sufficient we would have to ignore that language.

Affirmed.