Argued February 2, affirmed March 5, 1973

UMATILLA COUNTY, *Respondent, v.*
PORTER ET AL (No. 290), *Defendants,*
KELLER ET AL, *Appellants.*

507 P2d 406

*Dennis A. Hachler,* Pendleton, argued the cause for appellants. With him on the brief was Robert E. Ridgway, Pendleton.

*Jack Olsen,* Assistant District Attorney, Pendleton, argued the cause for respondent. With him on the brief was R. P. Smith, District Attorney, Pendleton.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

**LANGTRY, J.**

This appeal is in a Umatilla County tax foreclosure proceeding. The appealing defendants are persons who are record owners of certain tax delinquent property in the foreclosure proceeding and with whom there has been no recent contact. In an order entered in the proceeding the court appointed Dennis A. Hachler as attorney to represent these persons. This was done at the instance of the county's attorney, and it is apparent the action was taken in order to remove any question of compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App USCA § 520 (1968).

On behalf of those whom he was appointed to represent Mr. Hachler filed a demurrer to the complaint in the tax foreclosure proceeding. Therein he challenged the jurisdiction of the court upon the ground that the publication of notice by which the county proceeded against the defendants' interest in the particular property involved failed to comply with constitutional guarantees of due process and equal protection of the laws.

ORS 312.040 (1) provides that:

> "Notice of each foreclosure proceeding * * * shall be given exclusively by * * * publications of the foreclosure list in a newspaper * * * [I]t shall not be necessary to mail a copy of the notice to the owner or to any other person interested * * *. All persons owning or claiming to own * * * are required to take notice of such proceeding and of all steps thereunder."

ORS 312.050 (2) provides:

"* * * Each such proceeding shall be a proceeding in rem against the property itself * * *."

The constitutionality of these parts of the pertinent statutes are questioned by the defendants' demurrer. Apparently such questions regarding these statutes have not before been directly raised in tax foreclosure proceedings, although they have been raised in other proceedings after tax foreclosure proceedings have been completed.

Defendants rely principally upon cases such as *Scoggin v. Schrunk,* 344 F Supp 463 (D Or 1972).① That opinion was concerned with the foreclosure of residential property in the city of Portland for unpaid local improvement assessments, and in it the United States District Court Judge held that lack of proof of actual notice, or substantial effort to give actual notice to the defendant in the foreclosure proceeding, was constitutionally inadequate.

The distinction between assessments for local improvements and regularly accruing taxes dictates a different result in the case at bar. This distinction is traditionally and repeatedly pointed out not only in the Oregon precedents,② which we mentioned above and which we discuss infra, but also in decisions by the United States Supreme Court. *Longyear v. Toolan,* 209 US 414, 28 S Ct 506, 52 L Ed 859 (1908); *King v. Mullins,* 171 US 404, 18 S Ct 925, 43 L Ed 214 (1898).

---

① This federal district court case followed the opinion by the Oregon Supreme Court in the same general matter in Scoggins v. State Construction, 259 Or 371, 485 P2d 391 (1971).

② Besides the cases discussed in text, *see* Hood River County v. Dabney, 246 Or 14, 27 n 11, 423 P2d 954 (1967).

In *Knapp v. Josephine County et al.,* 192 Or 327, 235 P2d 564 (1951), the constitutional questions raised by the defendants here were discussed by the Oregon Supreme Court in a different context. In that case a suit was brought to remove a cloud in the title to real property. The property owner claimed that the tax foreclosure judgment constituting the title defect was invalid because of failure to include her name in the tax foreclosure list and published notice. Her name was not included because she had inherited the property from her father and had not notified the tax collector of her name, address and ownership and thus had received no notice. In that case the Oregon Supreme Court said:

> "Because of (1) the nature of taxation, (2) the fact that tax obligations are imposed under public statutes with which the property owner is presumably familiar, (3) the regular recurrent assessment of taxes, and (4) the property owner's duty to the taxing unit, the demands of due process yield less for the property owner in tax foreclosure suits than in cases involving private obligations * * *." 192 Or at 340.

> "* * * [T]he fact that jurisdiction is obtained by publication in tax foreclosure proceedings does not invalidate the decree and the eventual deed. Likewise, the fact that tax foreclosure proceedings charge the owner with knowledge of entries made in the public records, pursuant to statutory requirements, does no violence to constitutional provisions." 192 Or at 347.

> "* * * [S]uits for the foreclosure of delinquent tax liens are in rem against the property. In such proceedings the Application for Judgment and Decree corresponds to the complaint in standard cases, and the published notice serves the same purpose as the summons in other proceedings * * *." 192 Or at 350.

"* * * She [the property owner] was chargeable with the knowledge that taxes were levied upon the property annually and that failure to pay them subjected her property to foreclosure proceedings * * *." 192 Or at 355.

We have not been cited to any authority, nor have we found any, which indicates that *Knapp* does not continue as the law in Oregon. It has been followed and cited with approval. *Cf. State v. Koenig,* 218 Or 86, 93, 342 P2d 139 (1959); *Otto & Harkson Co. v. Josephine Co.,* 207 Or 199, 207, 295 P2d 875 (1956). In *Cascade Tree Farms v. Clackamas Co.,* 250 Or 401, 442 P2d 606 (1968), the court said:

"* * * Notice of the proceedings was published on December 21, 1939 correctly naming the owner of the property, Camillia D. Abernathy. Miss Abernathy made no appearance and a decree of foreclosure was entered * * *." 250 Or at 402.

"* * * A summons giving notice of the foreclosure proceedings is sufficient to apprise the owner of property of the importance of making an appearance. We take judicial notice of the fact that the publication of the summons in four successive publications of the Molalla Pioneer, a weekly newspaper of general circulation in Clackamas County, provided the property owner with adequate notice of the foreclosure proceedings." 250 Or at 403.

██ The brief filed for defendants argues that it would have been a simple matter for the district attorney to have sent notice by registered mail to the defendants at their last known address.[9] This may be

---

[9] Our perusal of the record indicates that counsel appointed for the defendants did make an attempt to contact the defendants by mail and he stated to us in oral argument that no response had been received. Our perusal of the record also discloses that while

so, but the published notice fulfilled the requirements of the statutes which are constitutionally sufficient. Although the attacks upon the statutes represented in the cases we have relied upon have been in collateral proceedings, we consider the opinions in those cases to have settled the law of Oregon so far as the issues in the case at bar are concerned.

Affirmed.

this proceeding was pending some other defendants in the same position as those at bar did respond to the notice provided, paid the property taxes, and had the foreclosure proceedings against their property dismissed. Thus, it appears that the action which the county attorney took to protect the defendants produced the same results as though the county had done by way of notice exactly what counsel argues the county should have done. Measured from any point of view the defendant property owners failed in an obvious duty which they had with reference to taxes upon the property if they wished to protect it.