Argued May 7, affirmed May 14, petition for rehearing denied
June 14, petition for review denied September 5, 1973

STATE OF OREGON, *Respondent, v.*
RICHARD BUEN (C-73-01-0182), (C-73-01-0183),
(C-73-01-0184), *Appellant.*
509 P2d 865

*Oscar D. Howlett,* Portland, argued the cause and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

These appeals are separate but present the same question. They were tried separately and successively the same day to the same court, C-73-01-0184 first, C-73-01-0183 second, and C-73-01-0182 last. In none did the defendant produce evidence. They are prosecutions for driving a motor vehicle while operator's license is under suspension in violation of ORS 482.650, each arrest having been by a different traffic

officer on May 17, May 26 and June 23, 1972. (At time of sentence it developed that defendant had had two previous convictions in recent years for driving while operator's license was suspended.)

Each of the cases had been tried in the district court and appeals taken to the circuit court from convictions therein. In case C-73-01-0184 the district court sentenced the defendant to four days' imprisonment and the circuit court 30 days; in case C-73-01-0183 the district court sentenced the defendant to eight days and the circuit court six months; in case C-73-01-0182 the district court sentenced the defendant to 16 days and the circuit court to one year, all sentences to run consecutively.

The defendant contends (1) that there was not proof he had notice that his driver's license was under suspension and by reason of that deficiency he should have been acquitted in each case, and (2) that the circuit court could not sentence the defendant to longer terms of imprisonment than those imposed in the district court.

■ (1). Evidence introduced in the state's cases concerning notice of suspension was primarily a certified copy of the notice of suspension from the Motor Vehicles Division and a certified copy of the signed return receipt from the post office department evidencing mailing and delivery of the notice of the suspension. The latter showed that the notice was mailed to the defendant at 7014 N. Lancaster, Portland, Oregon and that the return receipt was signed "Mrs. Joe Loctos" on the line providing for "signature of addressee's agent, if any" and that the name "Richard Buen" was written thereunder. Defendant contends that this evidence alone is not sufficient to show he had notice of

the suspension of his driver's license. ORS 482.570 as amended by Oregon Laws 1971, ch 428 provides that "* * * [s]ervice of the notice is accomplished either by mailing the notice by certified mail, return receipt requested, * * *" or by personal service.

Before the 1971 amendment to ORS 482.570 that statute provided that notice was accomplished by a mailing of the notice or personal service, and it provided that "* * * [n]otice by mail is afforded a disputable presumption of receipt * * *." In *Hall v. Dept. of Motor Vehicles*, 2 Or App 248, 467 P2d 975 (1970), we interpreted the statute as it was before the 1971 amendment; and we discussed the disputable presumption of receipt of mailed notice referred to therein. We held that inasmuch as the presumption was disputable, if a defendant denied on trial that he had received the mailed notice, a question of fact was presented as to whether he actually did have notice. The trial court in that case had found the defendant there had not received notice; and we said that even though we might have made a different fact finding, we were bound by that which had been made.

██ However, the statutory reference to a disputable presumption was deleted by the 1971 amendment. By strengthening the probability of the notice's being delivered to the correct party through the requirement that it be sent by certified mail with a return receipt requested, and eliminating the disputable presumption, the legislature signified an intention to change the notice procedure so that when that procedure is followed, proof of it alone is sufficient (if it was not before) upon which to base a finding that the defendant has received notice of the suspension of his operator's license. ORS 482.290 (2) places a duty

upon a licensed driver to notify the Motor Vehicles Division of any change of address. When duties of this nature are created by statute, and the procedures of the statute have been complied with, it is ordinarily held that the requisites of due process are present. *See* discussion in *Umatilla County v. Porter/Keller,* 12 Or App 393, 507 P2d 406 (1973), and *Stroh v. SAIF,* 261 Or 117, 119, 492 P2d 472 (1972).①

■ (2). The defendant relies upon the line of authority represented by *North Carolina v. Pearce,* 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969), for the proposition that a larger sentence may not be imposed in the circuit court than in the district court. In *Colten v. Kentucky,* 407 US 104, 92 S Ct 1953, 32 L Ed 2d 584 (1972), the United States Supreme Court held that *Pearce* is distinguishable in a situation like that at bar. This was our basis for holding squarely against the defendant's second contention in *State v. Madden,* 10 Or App 643, 501 P2d 71 (1972).

Each case is affirmed.

---

① We need not relate other evidence in these cases which is supportive of the state's argument that there was evidence besides the mailing proof to indicate that the defendant had knowledge he was driving while his license was suspended. Indeed, we observe that almost anyone experiencing defendant's arrests would know his driver's license was suspended.