Argued September 27, reversed November 15, reconsideration denied December 22, 1976, petition for review denied February 1, 1977

EGGE, *Respondent,*

*v.*

DAVIS, *Appellant.*

(No. 88776, CA 5712)

556 P2d 153

*Bruce R. DeBolt,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Laurence E. Thorp,* Springfield, argued the cause for respondent. With him on the brief was Sanders, Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J

**THORNTON, J.**

The issue in this case is the sufficiency of a "Notice of Highway Use Tax Assessment" which was sent by the defendant Public Utility Commissioner to petitioner.

The Commissioner appeals from the issuance of a peremptory writ of mandamus which held, in effect, that the Commissioner had failed to give petitioner sufficient notice of the challenged assessment.

The case arose out of the following circumstances:

The defendant Commissioner conducted a special audit of petitioner's motor transport operation to determine if petitioner was liable for additional highway use taxes. As a result of this audit, the conduct of which petitioner was aware, petitioner was assessed $7,948.30 for underpayment in highway use taxes. On December 3, 1974, a "Notice of Highway Use Tax Assessment" was sent by certified mail to the petitioner. After two attempted deliveries the post office returned the notice to the Commissioner on January 2, 1975. The notice was resent by regular mail on January 6, 1975, and received by petitioner on January 8, 1975. On January 10, 1975, petitioner sent a letter to the Commissioner requesting a hearing pursuant to ORS 767.855. The Commissioner refused to convene a hearing relying on the fact that the request for a hearing was not filed within 30 days of the mailing of notice as required by ORS 767.855(1). Petitioner then filed for a writ of mandamus to require the Commissioner to convene a hearing. As already indicated, the main issue in the trial court was the sufficiency of the notice. The trial court held that "the literal application of the statutes as contended for by Respondent does not afford Petitioner a reasonable opportunity for a hearing under the facts of this case, and that the statutes and due process of law require that Petitioner be afforded the hearing sought." This appeal followed.

[ 385 ]

The Commissioner is required to give written notice of special audit assessments. ORS 767.840(6). ORS 756.068 delineates the general notice requirements for the Commissioner. It provides:

"The service or delivery of any notice, order, form or other document or legal process required to be made by the commissioner may be made by mail. If by mail, service or delivery is made when the required material is deposited in the post office, in a sealed envelope with postage paid, addressed to the person on whom it is to be served or delivered, at his address as it last appears in the records of the commissioner."

The Commissioner's practice is to use certified mail for all highway use tax assessments greater than $25, thus increasing the probability that actual notice will occur.

This case is substantially the same as *State v. Koenig,* 218 Or 86, 342 P2d 139 (1959), except that here the alleged due process violation is more vigorously pressed.

The guidelines for determining whether a particular notice procedure comports with the requirements of due process were established in *Mullane v. Central Hanover Tr. Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer,* 311 U.S. 457; *Grannis v. Ordean,* 234 U.S. 385; *Priest v. Las Vegas,* 232 U.S. 604; *Roler v. Holly,* 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information, *Grannis v. Ordean, supra,* and it must afford a reasonable time for those interested to make their appearance, *Roller v. Holly, supra,* and *cf. Goodrich v. Ferris,* 214 U.S. 71. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. The criterion is not the possibility of

conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' *American Land Co. v. Zeiss,* 219 U.S. 47, 67; and see *Blinn v. Nelson,* 222 U.S. 1, 7.

"But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, compare *Hess v. Pawloski,* 274 U.S. 352, with *Wuchter v. Pizzutti,* 276 U.S. 13, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." 339 US at 314-15.

■ We conclude that, in a case such as this, where petitioner was aware of the audit, expected notice and resides in this state, the statutory procedure and the procedure followed by the Commissioner fulfills due process standards. There is no method of mailed notice more reasonably calculated to apprise interested parties of the pendency of an action than certified mail.

■ The rule that where a statute provides for notification by mail, deposit of the notification in the mail satisfies the requirement of notice, even though notification is not received, is in accord with Oregon law and the common law and controls here. *See, State v. Koenig,* supra; 1 Merrill on Notice 715-17, § 633 (1952). *See also, Stroh v. SAIF,* 261 Or 117, at 119, 492 P2d 472 (1972).

Reversed.