392 So.2d 901 (1981)
QUAY DEVELOPMENT, INC., Appellant,
v.
ELEGANTE BUILDING CORPORATION, Appellee.
No. 56679.
Supreme Court of Florida.
January 8, 1981.
*902 Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellant.
Charles N. Prather, Orlando, for appellee.
BOYD, Justice.
This cause is before the Court on appeal of a judgment of the Circuit Court of the Ninth Judicial Circuit, Orange County, which held a state statute unconstitutional. Appellee filed its notice of appeal on April 19, 1979. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
This case involves the constitutionality of former section 56.21, Florida Statutes (1975), which provided the procedure followed below in carrying out an execution sale. The judgment appealed held that the statute was unconstitutional under the fourteenth amendment to the United States Constitution for failing to require adequate notice to the owner of the sale of property to satisfy a tax lien. The court held in the alternative that the actual failure to provide notice in this case constituted such an irregularity in the proceeding as to justify setting aside the sale on the ground of gross inadequacy of the bid price. The statute was amended after the instant proceedings were initiated, and now provides for notice by certified mail to owners of land to be sold under execution. Ch. 77-462, § 2, Laws of Fla.; § 56.21, Fla. Stat. (1979).
On April 1, 1976, Elegante Building Corporation's corporate income tax for the year 1975, in the amount of $1560.00, became due. On December 1, 1976, the Department of Revenue sent the corporation a third and final notice of tax due with a warning that if payment were not made within fifteen days it would record a lien on Elegante's property and issue an execution order for collection of the amount due. See § 214.51, Fla. Stat. (1975). On December 23, 1976, the Department of Revenue filed a lien in Broward County, where the corporation's offices were located.
In April, 1977, a Department of Revenue agent talked with the Elegante corporation's president and learned that the corporation intended to sell some land in Orange County in order to pay the taxes. On May 10, 1977, the department filed a lien against Elegante's real property in Orange County and requested that the sheriff levy on it.
The Orange County sheriff's office then proceeded to file and publish a notice of sheriff's sale in compliance with section 56.21, Florida Statutes (1975). The notice advised that the property would be sold on July 18, 1977. The notice was posted on the property and published in the Orange County area general circulation daily newspaper once per week for four consecutive weeks prior to the intended data of sale. Although the Department of Revenue and the Orange County sheriff's office both had actual knowledge of Elegante's address in Broward County, no notice of the impending sale was served upon or mailed to the corporation. Elegante had no actual knowledge of the sale.
Appellant Quay Development, Inc., was the only bidder at the sheriff's sale. It bought the property for $75.00. Costs of the sale in the amount of $73.56 were deducted from the sale proceeds, and Elegante had $1.44 credited to its tax bill. At the time the property had an assessed value of $150,000 and a market value of $165,000 to $200,000. Elegante later paid its past due taxes after the department seized a corporate automobile in Broward County.
After purchasing the property at the sheriff's sale, Quay Development filed suit to quiet title. Elegante filed a counter-claim to set aside the sale and a third party claim against the Department of Revenue. The trial court set aside the sale on the *903 ground that section 56.21, Florida Statutes (1975), was unconstitutional for not requiring notice to be sent to Elegante by mail. The publication of notice provided for by the statute was ineffective, the court said, to provide actual prior notice of the sale. The court went on to state an alternative ground for setting aside the sale: that the failure to effectuate actual notice made out a showing of mistake, surprise, accident, or irregularity sufficient to provide a basis for setting aside the sale for inadequacy of price.
The appellant contends that the notice provisions of section 56.21 were not offensive to due process. We disagree and affirm the judgment on the ground that former section 56.21 was unconstitutional as applied in this case.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed.2d 865 (1950). In Mullane the beneficiaries of a common trust fund were notified by publication of a judicial settlement of accounts. The Court held that such notice was constitutionally inadequate with respect to those beneficiaries whose addresses were known to the trustee.
Accordingly we overrule appellant's constitutional objections to published notice insofar as they are urged on behalf of any beneficiaries whose interests or addresses are unknown to the trustee.
As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing. Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.
Id. at 318, 70 S.Ct. at 659. Accord, Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); City of New York v. New York, New Haven & Central RR., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). Some state courts have applied Mullane to situations where judgment creditors have sought to levy on property of judgment debtors. E.g. Swartz v. Adams, 93 Nev. 240, 563 P.2d 74 (1977); Luskey v. Steffron, Inc., 461 Pa. 305, 336 A.2d 298 (1975), cert. denied, 430 U.S. 968, 97 S.Ct. 1651, 52 L.Ed.2d 360 (1977).
The appellant argues that the due process standards applicable to litigation among private persons do not apply to proceedings brought by government for the collection of delinquent taxes, citing City of Coral Gables v. Certain Lands, etc., 110 Fla. 189, 149 So. 36 (1933). The arguments advanced in support of the distinction are that government will be impermissibly hampered if it cannot use expeditious enforcement procedures for the collection of taxes and that actual notice will serve no useful purpose because, once the enforcement proceedings have reached the execution stage, the owner can do nothing to prevent the sale.
That the exigencies of government require and justify summary enforcement of tax obligations is not disputed. But the issue in this case is not the constitutionality of such enforcement procedures, see City of Tarpon Springs v. Chrysostomides, 108 Fla. 500, 146 So. 845 (1933), but rather the constitutionality of the notice given to the owner. In the situation such as we deal with here, notice by mail would not cause significant delay or burden on the state in executing on the property. That the party initiating a proceeding affecting the property rights of another is a governmental body rather than a private person is no ground for applying a different due process standard. See, e.g., Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962).
Furthermore, actual notice can be a great benefit to the owner in seeking to salvage *904 his interest in the property levied on. There was evidence that the president of Elegante could have paid the taxes from his personal resources and would have done so had he known the property was about to be sold. At the very least he could have attended the sale and bid on the property himself or on behalf of the corporation. Even if he had failed to out bid Quay Development, the sale price would undoubtedly have been higher resulting in a greater credit to Elegante.
The appellant cites cases approving notice by publication as constitutional. These cases involve situations where there was an attempt to notify the owner by mail, Botens v. Aronauer, 32 N.Y.2d 243, 298 N.E.2d 73, 344 N.Y.S.2d 892 (1973), appeal dismissed, 414 U.S. 1059, 94 S.Ct. 562, 38 L.Ed.2d 464 (1973); Umatilla County v. Porter, 12 Or. App. 393, 507 P.2d 406 (1973); the owner had actual knowledge of the sale, Chesney v. Gresham, 64 Cal. App.3d 120, 134 Cal. Rptr. 238 (5th Dist. 1976), cert. denied, 432 U.S. 907, 97 S.Ct. 2952, 53 L.Ed.2d 1079 (1977); or the law specified a certain date upon which the owner's interest would terminate. City of Auburn v. Mandarelli, 320 A.2d 22 (Me. 1974), appeal dismissed, 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974); Christie-Stewart, Inc. v. Paschall, 502 P.2d 1265 (Okl. 1972), vacated on other grounds, 414 U.S. 100, 94 S.Ct. 313, 38 L.Ed.2d 306 (1973). The case at bar is different. Elegante had no actual knowledge of the sale nor was there attempted notice by mail. The tax lien was filed in Broward County and therefore did not relate directly to the Orange County property. Elegante did not even have constructive knowledge, other than by newspaper publication and posted notice in Orange County, that the property would be sold. Furthermore, there was no right of redemption once the sale was over.
In Chapin v. Aylward, 204 Kan. 448, 464 P.2d 177 (1970), the appellant had purchased property owned by the appellees at a tax delinquency foreclosure sale. Notice had been by publication in a newspaper circulated in the county where the property was located. The appellees, who lived in another county, had no knowledge of the sale. When the property was involved in later litigation, the former owners intervened claiming that the tax sale had violated their right to notice and was invalid. The trial court vacated the sale and on appeal the Supreme Court of Kansas affirmed holding that notice by publication was insufficient because the owners' address could readily have been ascertained from public records. The same reasoning applies to the case sub judice.
Our holding that the lack of notice by mail deprived Elegante of due process is not undermined by an analysis of interest balancing to determine what process was due. The state's interests in a tax sale are actually better promoted by requiring the form of notice best calculated to achieve actual notice under the circumstances. If the owner has knowledge of the sale, he can arrange for the appearance of more bidders, resulting in higher bids. This accrues to the benefit both of the state and the delinquent taxpayer.
We hold that Elegante Building Corporation's right against the deprivation of property without due process of law was violated by the state's use of the procedure authorized by former section 56.21. The constitutional infirmity could have been remedied by the simple mailing of a letter. See Dow v. State, 396 Mich. 192, 240 N.W.2d 450 (1976); Collector of Revenue v. Parcels of Land, 585 S.W.2d 486 (Mo. 1979).
The judgment of the circuit court is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.