Argued and submitted June 24; resubmitted
in banc October 7, reversed October 12, 1981

MARSH, dba D. W. Marsh
Siding Applicators,
*Petitioner,*

*v.*

BUILDERS BOARD et al,
*Respondents.*

(No. C-6038, CA A20193)

634 P2d 803

Michael J. Caro, Portland, argued the cause for peti-
tioner. With him on the brief was Kobin & Meyer, Port-
land.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent Builders Board. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and A. J . Laue, Assistant Attorney General, Salem.

No appearance for respondent Sunburst Building Products.

GILLETTE, J.

Joseph, C. J., dissenting opinion.

## GILLETTE, J.

Petitioner seeks review of an order of the Builders Board (Board) requiring that he pay $1,196.47 to Sunburst Building Products (Sunburst), for whom petitioner had installed aluminum siding. Petitioner contends that the Board had no jurisdiction to issue the order because he was not served with notice of the proceedings which resulted in the order. We agree and reverse the Board's order.

The facts are not in dispute. Petitioner did work for Sunburst from approximately December 21, 1979, through January 18, 1980. Sunburst filed the present claim for improper work with the Board on August 5, 1980. An investigator inspected the work for the Board on October 7, 1980, and noted that petitioner had moved and was working in Las Vegas, Nevada.

A hearing was scheduled for October 13, and notice was sent by certified mail to the last address which the Board had on file for petitioner. The notice was returned to the Board undelivered. The hearing was rescheduled to November 18 at Sunburst's request; notice was again sent by certified mail to the same address and again returned, marked "Moved, left no address." The hearing was held; petitioner did not appear. On December 22, the Board issued a final order requiring that petitioner pay Sunburst the cost of correcting the work he had done. This order was also mailed to petitioner's last known Oregon address and was also returned.

Petitioner was registered with the Board from June 15, 1979, to June 15, 1980, pursuant to ORS 701.055(1):

> "A person shall not do or submit a bid to do work as a builder unless he has a certificate of registration issued by the board. * * *"

In order to register, a builder must submit an application that contains, among other things, the builder's address. ORS 701.075. The certificate of registration issued by the Board is valid for one year from the date of issuance and may be renewed by the same process as for an original application. ORS 701.115. Pursuant to ORS 701.080 provides that:

"It shall be the duty of a builder to notify the board of any change of address under subsection (7) of ORS 701.075. Any communication directed by the board to the last-known address of record shall be considered delivered when deposited in the United States mail and sent registered or certified or post office receipt secured."

The claim against petitioner is a contested case under the Administrative Procedure Act, ORS ch 183, and notice is required pursuant to ORS 183.415:

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail."

■ The question presented here is whether the mailing of notice by the Board to his last known address is "reasonable notice" under ORS 183.415, when petitioner was no longer registered with the Board and did not in fact receive notice of the proceedings. We hold that it is not.

The Board points out that this is the same type of provision for notice that was upheld in *State v. Buen,* 13 Or App 426, 509 P2d 865, *rev den* (1973), in which notice of suspension of a driver's license under ORS 482.570 was challenged. Petitioner responds that, once his registration had expired, he no longer had a duty to notify the Board of a change of address and, therefore, notice provided pursuant to ORS 701.080 is no longer "reasonable" under ORS 183.415.

It seems clear that the duty established in the first sentence of ORS 701.080 can be imposed only upon builders who are registered with the Board. However, the duty does not extend indefinitely after a person or entity has once registered. It is also apparent that the duty established by the first sentence of the statute is the basis for the presumption created by the second sentence of that section, *i.e.,* it is the requirement that a builder notify the Board of any change of address which makes it reasonable to presume that notice sent to that address is sufficient.

■ In this case petitioner's obligation to notify the Board of a change of address terminated when his certificate of registration with the Board expired on June 15,

1980.[1] After that time it is no longer "reasonable" merely to send notice to the last address on file with the Board unless petitioner actually received such notice. In this case he did not.

Reversed.

**JOSEPH, C. J.,** dissenting.

The majority opinion goes awry in the sentence beginning "Petitioner responds that, * * *" in the middle of page 245. For that sentence I would substitute the following: Petitioner argues that, once his registration expired, he no longer had a duty to notify the Board of a change of address and, therefore, that the notice provision of ORS 701.080, quoted *supra,* is no longer reasonable under ORS 183.415.

Then I would continue:

That simply cannot have been the legislature's intention. ORS 701.005 defines a builder as:

> "A person who, in the pursuit of an independent business, undertakes or offers to undertake or submits a bid, to construct, alter, repair, improve, move or demolish a structure or to perform any work in connection with the construction, alteration, repair, improvement, moving or demolition of a structure, and the appurtenances thereto, except landscaping and lawn sprinkling systems."

ORS 701.075 requires registration by any "person who wishes to register as a builder * * *." The registration process requires that the "builder" furnish in its application its "name and address." There follows immediately the provision for the notification duty imposed by ORS 701.080.

The majority would say that the obligation to notify of a change of address does not survive an annual registration. If that be so, every fly-by-night builder in the state will justifiably prepare to leap laughingly through the loophole thus judicially created. Furthermore, the companies that issue their builders bonds will also be delighted. ORS 701.150(2) extends liability on the bond (or cash

---

[1] We are not now presented with the question of whether the Board could require that builders who once register notify the Board of a change of address for a certain period after expiration of certification so that they may be reached within a reasonable time after completing work they have undertaken as registered builders.

deposit) for "one year following the date of expiration of the certificate of registration in force at the time the work was completed." However, the bond or deposit cannot be reached until the liability of the builder has been established, and that cannot be done unless the Board can exercise personal jurisdiction over the builder. It follows from the majority opinion, therefore, that a builder who ought to be liable for actions done during the period of his registration cannot be held liable if he moves fast enough and secretly enough. Nothing could be less consonant with the *obvious* legislative intent.

Thornton, Buttler, and Warren, JJ., join in this dissent.