Argued and submitted November 22, 1982, affirmed in part, reversed and remanded in part May 11, 1983

# AMERICAN FIDELITY FIRE INSURANCE CO.,
*Petitioner,*

*v.*

# BUILDERS BOARD,
*Respondent.*

# DEPENDABLE INSURANCE COMPANY,
*Petitioner,*

*v.*

# BUILDERS BOARD,
*Respondent.*

(No. 6998-102, CA A23095 Control)
(No. 24853-101, CA A22917)
(Cases Consolidated)
662 P2d 785

Susan G. Whitney, Portland, argued the cause for petitioners. With her on the briefs were David R. Trachtenberg and Kobin & Meyer, P.C., Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

These consolidated petitions for review challenge two separate orders of the Builders Board (Board). ORS 701.205. Petitioners are sureties ordered by the Board to pay claims against two builders who were their respective principals. Petitioners are entitled to review by this court as aggrieved parties under ORS 183.480 and 183.482.

■ During the pendency of these proceedings, both builders filed bankruptcy petitions. Petitioners argue that because the Board did not seek relief from the automatic stay provision of the bankruptcy code, 11 USC § 362 (Supp V, 1981), it was without jurisdiction to adjudicate the claims against the builders. However, after the Board issued its final orders, petitioners joined in a suit for declaratory relief in the United States District Court, *Dependable Insurance Co., et al v. The Builders Board* (D. Or. No. 81-1088), on the basis of this same argument. On cross-motions for summary judgment, the federal court found against petitioners, holding that

> "the Builders Board has jurisdiction to adjudicate and determine claims against builders who filed petitions for bankruptcy without first seeking any relief from the United States Bankruptcy Court from the automatic stay provisions of 11 USC. § 362 * * *."[1]

Because the federal court decision has answered petitioner's only argument in *American Fidelity Fire Insurance Company v. Builders Board,* Builders Board No. 6998-102, the order in that case is affirmed.

■ Petitioner Dependable Insurance Company (Dependable) also argues that because its principal builder received no notice of the claim against it or of the Board's proposed order, the Board did not acquire jurisdiction over the builder, and, therefore, its order is null and void.[2] The record discloses that notices were sent to the builder's address that was on file with the Board but that they were returned to the sender. Notice

---

[1] Actions by a governmental agency to enforce its police or regulatory power are exempted from the automatic stay provisions by 11 USC § 362(b)(4) (Supp V, 1981). The federal court ruling was not an interpretation of state law, that we might be free to disregard, as petitioners urge; it was on the question of how certain actions by a state agency are to be characterized under the federal statute that stays certain proceedings and is *res judicata* on the question decided.

[2] Petitioner states that nothing in the record indicates that notices were sent.

that a claim had been filed was sent by ordinary first class mail on August 14, 1981, and again on August 21, 1981. Notice of the Board's proposed order to require the builder to pay the claimant $1,711.35 for materials was sent by certified mail on September 9, 1981. The final order was sent by certified mail on October 7, 1981.

ORS 701.145(2) provides:

"Upon acceptance of the statement of claim, the board shall give notice to the builder against whom the claim is made and shall initiate proceedings to determine the validity of the claim. * * *"

ORS 183.415(1) provides:

"In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or registered or certified mail."

Dependable argues that, because the Board failed to serve its insured builder with the notice of the filing of the claim, the proposed order or the final order personally or by registered or certified mail "the Board was without jurisdiction to make an award against the builder."

The Board argues:

"ORS 701.080 which specially applies to all communications of the Builders Board should be held to be the special statute that prevails over ORS 183.415(1) which applies generally to all administrative contested cases."

The Board then says, "The record shows that the communications sent in this case possessed the postal certifications that were required * * *."

It makes no difference to the outcome of this case whether ORS 183.415(1) or ORS 701.080 is the applicable statute. ORS 701.080 provides:

"* * * Any communication directed by the board to the last-known address of record shall be considered delivered when deposited in the United States mail and sent *registered or certified or post office receipt secured.*" (Emphasis supplied.)

Although Dependable is in error when it asserts that none of the Board's communications directed to its insured builder were sent by registered or certified mail, the Board is also in

error in asserting that all the communications possessed the required postal certification. The notice of the filing of the claim required by ORS 701.145(2) bears no evidence that it was sent by other than ordinary mail. It was not sent by registered or certified mail, and the record contains no evidence that a post office receipt was secured. Because the Board failed to comply with the mailing requirements of either ORS 183.415(1) or ORS 701.080, no notice was given the builder which could serve as the basis for an award against the builder.[3] Without a valid award against the builder, Dependable's principal, the Board cannot require Dependable to pay the claim as surety.

Because the facts in this case do not permit any award against Dependable's principal, we need not address its third assignment of error.

Affirmed as to petitioner American Fidelity Fire Insurance Co.; reversed and remanded as to Dependable Insurance Co. for further proceedings not inconsistent with this opinion.

---

[3] Because of our disposition of this case, we need not address the question noted in *Marsh v. Builders Board,* 54 Or App 242, 246 n 1, 634 P2d 803 (1981), *i.e.,* whether the Board may require registered builders to notify it of changes of address for a period of time after the expiration of their certificates of registration.