Argued and submitted November 9, 1983, reversed and remanded February 8, 1984

### SHERVEY,
*Appellant,*

*v.*

### CLACKAMAS COUNTY,
*Respondent.*

(80-12-494; CA A27113)

675 P2d 1124

David D. Powell, Portland, argued the cause for appellant. On the brief was Frank M. Ierulli, Portland.

David W. Anderson, Assistant County Counsel, Oregon City, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The trial court entered a judgment dismissing plaintiff's personal injury action against Clackamas County on the ground that plaintiff had not complied with the notice requirements of ORS 30.275(1).[1] We reverse and remand for a determination on the merits.

Plaintiff was injured in the motor vehicle accident out of which this litigation arose on January 5, 1979. Under ORS 30.275(1), she is entitled to bring a claim against Clackamas County after presenting the county clerk with written notice of the time, place and circumstances of her damages within 180 days after the alleged injury, which, in plaintiff's case, was July 4, 1979. On July 3, 1979, plaintiff mailed her notice of intent to file an action to the Clackamas County clerk by certified mail, return receipt requested. The notice was received by the clerk on July 6, 1979.

The issue presented is whether plaintiff adequately presented written notice to the county under the statute. Notice of claim by certified mail was specifically authorized in the version of ORS 30.275(1) effective at the time this dispute arose. The procedural rules then effective directed that, when not otherwise provided by statute, notice served by mail shall be deemed to be made on the day of deposit in the post office and not otherwise. Former ORS 16.770 and 16.790.[2]

---

[1] At the time plaintiff's cause of action arose, ORS 30.275(1) provided, in pertinent part:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof * * *. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the * * * local public body's representative for service of process either personally or by certified mail, return receipt requested. * * *"

[2] Former ORS 16.770 (*repealed by* Or Laws 1979, ch 284, § 199), provided:

"Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in ORS 16.780 to 16.800, where not otherwise provided by statute."

Former ORS 16.790 (*repealed by* Or Laws 1979, ch 284, § 199), provided, in relevant part:

"(2) In case of service by mail, * * * [t]he service shall be deemed to be made on the day of the deposit in the post office, and not otherwise."

Because ORS 30.275(1) did not address the effect of depositing notice in the post office on the computation of the 180-day period, it is proper to follow the general procedural rule, in accordance with Oregon law and the common law. *See Egge v. Davis,* 27 Or App 383, 387, 556 P2d 153 (1976), *rev den* (1977). We conclude that, under the statutory scheme at the time this dispute arose, plaintiff's deposit of the notification in the mail on July 3, 1979, satisfied the requirement of notice under ORS 30.275(1).

Reversed and remanded.