Bernard SEPHUS and George LaFleche, Plaintiffs–Appellants,

v.

Peter GOZELSKI, et al., Defendants,

Elijah Hunter, et al., Defendants–Third Party Plaintiffs–Appellees,

Robert M. Hustead, Third Party Defendant–Appellant.

No. 87–6067.

United States Court of Appeals, Eleventh Circuit.

Feb. 6, 1989.

Before TJOFLAT and EDMONDSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Robert M. Hustead appeals a district court judgment vacating a writ of execution and a U.S. Marshal's sale of land and declaring void the Marshal's deed to Hustead. 670 F.Supp. 1552. Because the district court had no subject matter jurisdiction over this claim, we vacate its judgment.

FACTS

The United States District Court for the Western District of New York issued a judgment against Elijah and Louise Hunter. Bernard Sephus and George LaFleche registered this judgment with the United States District Court for the Southern District of Florida. After certifying the judgment pursuant to 28 U.S.C. sec. 1963, the Florida district court issued a writ of execution against the Hunters. At Hustead's instruction the U.S. Marshal conducted an execution sale at which Hustead bought the Hunters' interest in certain real property. After receiving a Marshal's deed, Hustead filed an ejectment suit in state court resulting in a default judgment against the Hunters.

The Hunters petitioned the Florida district court to vacate the execution process; Hustead was impleaded as a third party defendant. The district court found that, contrary to the requirements of Fla.Stat. sec. 56.21, the Hunters received no notice of the Marshal's sale. The court declared the writ of execution and sale void and

Robert M. Hustead, Homestead, Fla., for appellant.

Edna E. Canino, Miami, Fla., for appellee.

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

awarded attorney's fees and damages to the Hunters. The court's order explicitly did not affect the validity of the New York judgment or its registration in the Florida district court. Under the district court's order, Sephus and LaFleche retained the right to enforce the judgment.

## DISCUSSION

Hustead argues that the district court had no jurisdiction to entertain the Hunters' suit. Because federal courts are courts of limited jurisdiction, they can exercise power over a case only if the case is within a jurisdictional grant in a federal statute. The Hunters argue and the district court agreed that 28 U.S.C. sec. 1963, the registration of judgments statute, provides subject matter jurisdiction over this action. *Cf. Ohio Hoist Mfg. Co. v. Lirocchi,* 490 F.2d 105 (6th Cir.1974) (2–1) (under registration of judgments statute, registering court had jurisdiction to decide state law claim for abuse of process where aggrieved party suffered damage as a result of wrongful registration of judgment).

According to the court in *Ohio Hoist,* the registering court's power to remedy the improper registration "presents a substantial federal question which [the district court] has the power to decide along with a closely related non-federal claim." *Id.* at 108. The *Ohio Hoist* court specifically declined to decide whether section 1963 creates a civil remedy for its violation. *Id.* at 107. Instead, the court relied on the federal question based on whether the registration was valid to support pendent jurisdiction over the state law abuse of process claim. According to the Sixth Circuit, the federal district court in *Ohio Hoist* had jurisdiction to hear the abuse of process claim because that claim arose along with the improper registration of the foreign judgment, which improper registration the court had the authority to remedy.

■ Even if the rule in *Ohio Hoist* is correct, the rule does not apply to this case. Here the district court did not suggest that the New York judgment was improperly registered; the registration of the judgment was left intact. It is one thing to say that the registration of judgments statute grants jurisdiction to set aside an improperly registered judgment and that the court therefore has pendent jurisdiction over an abuse of process claim arising out of that improper registration. It is quite different to say that 28 U.S.C. sec. 1963 confers jurisdiction, even absent any question about the validity of the registration, to determine the validity under state law of the execution of a properly registered judgment. The substantial federal question that the court found in *Ohio Hoist* (the validity of the registration of the judgment) is absent here.

The federal district courts have original jurisdiction in all civil actions where the matter in controversy arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. sec. 1331.[1] Although the district court's opinion relies on the alleged violation of Fla.Stat. sec. 56.21, the Hunters claim also that the process used to levy against their property was deficient under the fourteenth amendment to the United States Constitution. In *Quay Development v. Elegante Building,* 392 So.2d 901 (Fla.1981), the Florida Supreme Court held that a Florida statute allowing notice of execution sales of property by mere publication violated due process. To cure this constitutional deficiency, Florida now requires that a copy of the notice of sale be mailed to the judgment debtor. Fla.Stat. sec. 56.21. "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be

1. Because the Hunters and Hustead are all citizens of Florida, the district court had no diversity jurisdiction under 28 U.S.C. sec. 1332.

fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982). To constitute state action "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Id.*, 457 U.S. at 937, 102 S.Ct. at 2753. This sale, to the extent that its notice was constitutionally deficient, cannot be charged to Florida.

■ The Hunters do not challenge the constitutionality of Florida's existing notice requirements. The district court found that the Marshal's sale was conducted *contrary* to the notice requirement of Fla.Stat. sec. 56.21. Although the sale may have been unlawful as a matter of Florida law, illegality alone does not confer jurisdiction on a federal court.

Only Hustead and the U.S. Marshal participated in the challenged sale in any significant way; neither is a person for whom Florida is responsible. Only Hustead was impleaded as a third party defendant; no official was named as a party. Hustead by himself could not have violated the Hunters' fourteenth amendment rights because he was not a state actor under the circumstances of this case. *See Cobb v. Georgia Power Co.*, 757 F.2d 1248 (11th Cir.1985) (mere use of legal process is not state action). Because there was no state action, there can be no constitutional claim against Hustead to give the district court subject matter jurisdiction to hear this claim.[2]

Nor was this claim within the inherent jurisdiction of the district court to control its process. The district court had no inherent power over this completed sale. Although the Marshal conducted the sale pursuant to the district court's writ of execution, the court neither controlled the sale nor issued an order to sell this specific property.[3] The district court never was involved directly in the sale. Although the district court may have had the power to control the Marshal who conducted the sale, that supervisory power was useless once the sale became complete and the deed was delivered. The Hunters raise no claim against the Marshal. Rather, this suit is a simple claim against a private party to set aside a transfer as illegal under state law. The fact that a transfer is made pursuant to a federal court judgment does not give a federal court the power to set the transfer aside.

Because the Hunters' claim involves no substantial federal question, we VACATE the judgment of the district court and REMAND with direction to DISMISS based on lack of jurisdiction.

**2.** Because there is no state action, neither is there civil rights jurisdiction under 28 U.S.C. sec. 1343.

**3.** Regarding the district court's inherent power, we decide only that a federal district court does not have the inherent power to set aside a transfer by execution sale based on a valid judgment. We note the distinction between a judicial sale and an execution sale. "[I]n an execution sale the officer who sells gets his authority by virtue of the execution and is guided in the sale by the law ..., whereas in a judicial sale, the court controls.... [A] judicial sale [is based] on an order to sell specific property." 33 C.J.S. Executions sec. 196 (1942). Because the sale at issue

here was an execution sale rather than a judicial sale, we do not address the extent of a district court's authority in the latter context.

We also do not address the case where a party to an action or an agent for a party to an action purchases property sold to satisfy the judgment in that action. "There is no indication ... that Mr. Hustead was acting for or on behalf of his clients Sephus and LaFleche at the time of the sale." *Sephus v. Gozelski*, 670 F.Supp. 1552, 1554 (S.D.Fla.1987). We express no opinion on whether the district court might have had jurisdiction to set aside the sale if the purchaser at the sale had been a party to the original action.